WILLIAM L. MORRISON and ALBERT STABELL, Respondents, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and GEORGE JOHNSON, Defendant. — Action for damages for personal injuries and property damage, as a consequence of a collision between a trolley car, a truck and an automobile. Judgment for the plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

ISADOR OCHOTA, Respondent, v. GORDON MOTT, Defendant, and NEW YORK DUGAN BROS. INC., Sued as DUGAN BROTHERS, Appellant.— Order in a personal injury action granting plaintiff's motion for a preference and setting the case down for trial for the January, 1939, term, and order denying appellant's motion to vacate and set aside the order granting a preference affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN GOGGIN, Appellant.— Appeal by defendant from a judgment of conviction of the crimes of attempted rape in the first degree and assault in the second degree. Judgment of conviction of the County Court of Richmond county unanimously affirmed. The sentence for assault in the second degree is reversed on the law and annulled. The sentence for attempted rape in the first degree is approved and affirmed. Although both counts charged the same crime, the district attorney was not required to elect upon which he would proceed, and denial of a motion to compel him to do so was not erroneous. (Code Crim. Proc. §§ 279, 279-a; *People* v. *Sullivan*, 173 N. Y. 122, 128; *People* v. *Garner*, 64 App. Div. 410; *People* v. *Adams*, 72 id. 166.) The defendant, however, could be sentenced on but one of the counts. (Penal Law, § 1938; *People* v. *Edwards*, 173 App. Div. 375; *People ex rel. Thornwell* v. *Heacox*, 231 id. 617.) Under such circumstances, this court is empowered to annul a sentence or sentences imposed on more than one count. (Code Crim. Proc. § 543; *People* v. *Wells and Paipineau*, 246 App. Div. 853.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH MURPHY, Appellant.— Appeal by defendant from a judgment of conviction of the crimes of attempted rape in the first degree and assault in the second degree. Judgment of conviction of the County Court of Richmond county unanimously affirmed. The sentence for attempted rape in the first degree is reversed on the law and annulled. The sentence for assault in the second degree is approved and affirmed. Our disposition is governed by the same reasoning set forth in the accompanying appeal. (*People* v. *Goggin, ante,* p. 995.) A sentence of from two and one-half to five years was imposed for assault in the second degree and sentence was suspended for attempted rape in the first degree. While settled practice dictates the sentencing of a defendant under the highest count (*People* v. *Edwards,* 173 App. Div. 375; *People ex rel. Thornwell* v. *Heacox,* 231 id. 617), error was not committed by imposing a term of imprisonment under the second count. (Penal Law, § 1938.) The defendant cannot, however, be sentenced under both counts. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ.