THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT ABRAHAMSON, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, entered May 27, 1948, convicting him of attempted burglary in the third degree as a third offense, insofar as it resentences him to an indeterminate term of five years minimum to five and a half years maximum, the sentence effective as of July 31, 1947. Judgment unanimously affirmed. (*People ex rel. Abrahamson* v. *Snyder, post,* p. 909, decided herewith.) Present — Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHELE MACHI, Appellant.— Judgment of a City Magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law (leaving the scene of an accident), unanimously affirmed. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT ABRAHAMSON, Appellant, against WILLIAM SNYDER, as Warden of Sing Sing Prison, Respondent.— On July 31, 1947, appellant was convicted of attempted burglary in the third degree as a third offender and sentenced to an indeterminate term of three and a half years minimum to five years maximum. On that day he began serving his sentence. On April 14, 1948, on motion of the District Attorney, the original sentence was revoked on the ground that it was erroneous. On May 27, 1948, appellant was resentenced to an indeterminate term of five years minimum to five and a half years maximum. He appeals from an order dismissing a writ of habeas corpus sought on the ground that the original sentence was legal and that the court had no power, after the expiration of the term at which he was originally sentenced and after the sentence had been partially executed, to revoke the original sentence. Order affirmed. The original sentence was illegal. Where the sentence is originally illegal, the court has the power to correct it even after the term has ended and after the sentence has been partially executed. (*People ex rel. Miresi* v. *Murphy,* 253 App. Div. 441, motion for leave to appeal denied 278 N. Y. 741.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

ELIJAH T. RUSSELL, Respondent, v. ARISTIDES MOUSTAKAS, Appellant, and MARTIN CAPLAN, Appellant-Respondent.— The action is to recover damages for personal injuries suffered as the result of plaintiff falling over sidewalk cellar doors which were being lifted from the inside by defendant Caplan, who had delivered eggs to defendant Moustakas, who was the lessee of the ground floor and basement and had sole control over the doors. Judgment in favor of plaintiff against both defendants, and dismissing the cross claim of Moustakas against Caplan, and orders denying motions of both defendants to set aside the verdict, unanimously affirmed, with costs to plaintiff. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Sneed and Wenzel, JJ.