Sobel, J.
This is a motion for correction of sentence.
The crime in question was committed in 1935.
The defendant and others were first indicted for robbery, first degree, grand larceny, first degree, and assault, second degree. The first trial resulted in a disagreement.
They were later tried on a superseding indictment to which was added an additional count of kidnapping. The jury found the defendant guilty of both kidnapping and robbery. On January 18, 1937, the defendant was sentenced for the crime of kidnapping to twenty years to life, and for the crime of robbery, first degree, to ten to thirty years, both sentences to run consecutively. It is the consecutive sentences which the defendant seeks to have corrected by this motion. Although *309 he has served fifteen years, he is not eligible for parole consideration because of the cumulative sentences. He contends that the imposition of consecutive sentences was illegal.
The defendant did appeal the judgment of conviction but did not on such appeal question the cumulative sentences. He contended instead that the crimes of kidnapping and robbery could not be joined in the same indictment by virtue of the provisions of section 279 of the Code of Criminal Procedure as it read in 1935, the year the crime was committed. That section was amended subsequent to the commission of the crime (L. 1936, ch. 328) but before the finding of the indictment. In that contention he was clearly wrong. Both before and after the amendment in question, two crimes arising out of the same transaction could be included in one indictment. The judgment was affirmed pursuant to section 542 of the Code of Criminal Procedure without opinion. (251 App. Div. 842.) By such appeal he is not precluded from attacking the cumulative sentences in this proceeding. (People ex rel. Richardson v. Morhous, 182 Misc. 299.)
The Facts
The crime was an ordinary hi-jack or highway robbery of a truck. Briefly stated the facts are as follows: One of the defendants entered the truck as it stopped for a traffic light. At the point of a pistol he directed the driver and his helper to drive the truck to a point half a mile distant. There this defendant and another were waiting in another closed Chevrolet truck. One defendant entered the hi-jacked truck and drove it away. The driver and his helper were forced into the Chevrolet truck and driven about for a period estimated at from one to two and a half hours. The evidence indicates that the parties concerned understood that they were being detained for the purpose of permitting the accomplice to unload and dispose of the stolen truck. The victims were released some ten miles distant from the scene of the holdup.
Double Punishment and Double Jeopardy
In this proceeding the defendant contends that under section 1938 of the Penal Law he could only be punished for kidnapping or robbery but not for both. In that contention he is correct on the law and the “ settled practice ” in this State.
Section 1938 of the Penal Law reads: “ An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of *310 those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision.” It should be noted that the section is divided into two parts. The first prohibits double punishment', the second prohibits double jeopardy.
A question of double punishment may arise only when a defendant is convicted of two or more crimes charged in one indictment. The question of double jeopardy arises only when a second trial is sought on a subsequent indictment following a conviction or acquittal on an earlier indictment. Thus in the instant case the defendant was convicted of the crimes of kidnapping and robbery charged in one indictment and the question arises whether he can be punished for both. On the other hand if he had been tried and convicted or acquitted on the earlier indictment for robbery, the question of double jeopardy would arise if the District Attorney then sought to try him also for the kidnapping.
The point I desire to make in that connection is that section 1938 imposes the same test for both double punishment and double jeopardy. If it is “ an act or omission made criminal and punishable in different ways ” then neither double punishment may be imposed nor may the defendant be tried under one provision if he has been convicted or acquitted previously under the other. Thus by holding that this defendant cannot be sentenced for both robbery and kidnapping, I hold in effect that if he had been convicted or acquitted of robbery on the first indictment, the District Attorney would not be able to later try him for kidnapping. The factual test would be the same in both instances.
There is another point that needs to be understood before considering the cases on double punishment in the several jurisdictions.
As nearly as I can determine New York and California are the only States which have express statutory prohibitions against double punishment. (Penal Law, § 1938; California Penal Code, § 654.)
Most of the other States have constitutional or statutory prohibitions against double jeopardy, and the United States Constitution Fifth Amendment prohibits double jeopardy. In those jurisdictions, there is no express prohibition against double punishment. Nevertheless, those jurisdictions treat the imposition of double punishment as a violation of double jeopardy. Thus Corpus Juris states that “ The constitutional principle that no one shall be put in jeopardy twice for the saíne offense, *311 is broad enough to mean that no one can be lawfully punished twice for the same offense; the one follows the other, and the constitutional provisions are designed to protect accused from a double punishment as much as to protect him from two trials.” (24 C. J. S., Criminal Law, § 1990.)
The state of the law in the Federal courts on that question is summed up in United States v. Noble (155 F. 2d 315, 318) — “ Although there is some uncertainty as to whether the imposition of two sentences for one crime amounts to double jeopardy and a violation of the Fifth Amendment of the Constitution it is beyond argument that such sentence is invalid when not authorized by statute.” (Citing Braverman v. United States, 317 U. S. 49.) But Coy v. United States (156 F. 2d 293) holds that double punishment is prohibited by the Fifth Amendment.
Thus in New York and California double punishment is prohibited by statute. In the other States double punishment is prohibited by constitutional or statutory limitations against double jeopardy. In the Federal courts double punishment is prohibited but the principle upon which the prohibition rests is uncertain.
Another point. Some States have constitutional prohibitions against double jeopardy; some have only statutory prohibitions; and, a few have both. New York has in addition to the constitutional prohibition at least six statutory prohibitions. (See Penal Law, §§ 32, 1938, and Code Grim. Pro., §§ 139, 327, 470, 673.) Some of these statutes are broader than the constitutional prohibitions. For there is nothing to prevent the Legislature from extending by statute the constitutional prohibition against double jeopardy.
The strict constitutional rule is stated in the often quoted case of Morey v. Commonwealth (108 Mass. 433). “ The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other”.
We know that this narrow construction is not followed in this State and most other jurisdictions. (People ex rel. Moskoff v. Weinstock, 55 N. Y. S. 2d 330 and authorities cited.) This is not because the constitutional prohibitions have changed but because in those jurisdictions, the statutes are broader than the Constitution.
*312 For instance, under the narrow constitutional construction, a defendant could be convicted of simple assault; then later tried and convicted of felonious assault, and then again tried and convicted of assault with intent to kill. Each of those statutes requires ‘'" proof of an additional fact which the other does not,” i.e., intent to inflict grievous bodily harm and intent to kill. But section 32 of the Penal Law provides that a defendant convicted or acquitted of one degree of a crime cannot thereafter be tried for another degree. Thus section 32 is clearly an extension of the constitutional limitation against double jeopardy. The difficulty is that the case and textbooks rarely point up the differences between constitutional double jeopardy and statutory double jeopardy.
The point I make here is that section 1938 is also a statutory extension of the constitutional prohibition against double jeopardy. It imposes a factual test rather than the statutory test required by the Constitution. In other words we examine the acts of the defendant rather than the statutory definition of the crime.
This principle was recognized in People v. Snyder (241 N. Y. 81, 83), when the court said, “Not only the letter but the full spirit of the constitutional prohibition is embodied in, if not indeed extended by, our' statute law in section 1938 of the Penal Law ”. (Italics mine.) Thus when we discuss double jeopardy and double punishment it is the statutory limitations to which we refer rather than the narrower constitutional limitation.
The Statute
Section 1938 of the Penal Law was added as section 677 to the first Penal Code of 1881. It has been unchanged since.
Not all crimes were included in this earliest code. Omitted were many local laws and ordinances and general and special acts criminal in nature. It is entirely likely that the codifiers had these provisions (not included in the codification) in mind. The choice of language would seem to so indicate as well as the fact that the earliest decisions concerned such other laws.
But whatever the purpose, it is also clear that the decisions prohibited double punishment before the statute was enacted. So in Conkey v. People (5 Parker Cr. Rep. 31) the Court of Appeals held: ‘ ‘ When a general verdict of guilty is rendered upon several counts in an indictment relating to the same transaction, the practice is to pass judgment on the count charging the highest grade of offense ”. (Italics mine.)
*313 It is sometimes said that section 1938 is in derogation of the common law. That is not so. Certainly so far as “ included ” crimes are concerned it has been always the “ settled practice ” to sentence only for the highest grade of offense. There are no early cases, prior to the enactment of the section in 1881, governing “ separate ” crimes. The reason is that under the technical rules of pleading under the common law “ separate ” crimes even though arising out of the same transaction could not be included in the same indictment. Thus robbery and kidnapping arising out of the same acts could not be included in one indictment prior to the adoption of the Criminal Code in 1881. (People v. Van Horne, 8 Barb. 158.) The District Attorney was required to elect either before indictment or during the trial. But the earliest decisions on double jeopardy would indicate that even under the common law “ separate ” crimes would not he doubly punished even if permitted to he included in one indictment. (People v. Smith, 57 Barb. 46 and cases cited; Lohman v. People, 1 N. Y. 379; Mason v. State, 29 Tex. App. 24.)
The statement that the section is in derogation of the common law is due to a general misapprehension. It is true that under the common law the court had the undoubted discretion to impose cumulative sentences when a defendant is convicted of separate crimes. But that principle of law applied only to separate crimes arising out of completely separate transactions motivated by separate intents. (People v. Ingber, 248 N. Y. 302.) That principle did not, and does not now, apply to separate crimes arising out of the same transaction.
Section 2190 of the Penal Law and all of its subdivisions are applicable only to separate crimes arising out of separate transactions. Subdivision 4 of that section is sometimes cited as authority for the imposition of cumulative sentences for separate crimes arising out of the same transaction. (People ex rel. Poster v. Jackson, 278 App. Div. 734.) It is clear from the legislative history of that subdivision, that it has no application to such a situation. That subdivision was added as one of the provisions of the “ Luciano Act ” (L. 1936, ch. 328). When section 279 of the Code of Criminal Procedure was amended by the same chapter to permit inclusion in one indictment of separate counts for “ two or more acts or transactions constituting crimes of the same or a similar character ” and separate crimes “ constituting parts of a common scheme or plan ’ ’, the Legislature added subdivision 4 to section 2190 of the Penal Law to complement that amendment. It is clear from the memorandum filed by its sponsor, special prosecutor *314 Dewey, that subdivision 4 applies only to such separate crimes arising out of completely separated transactions connected together only by the fact that they were similar crimes or parts of a common scheme or plan. In such case the subdivision provided that either cumulative or concurrent sentences may be imposed. That subdivision made no change in the common law in that respect. And, it had no application to the old provisions of section 279 of the Code of Criminal Procedure which permitted inclusion in one indictment of separate counts charging separate crimes arising out of one transaction. Both at common law and by statute cumulative punishments for such crimes may not be imposed.
The New York Cases
In People ex rel. Thornwell v. Heacox (231 App. Div. 617, 618-619) the defendant was convicted of attempted robbery, attempted grand larceny and assault (included crimes), and given consecutive sentences on each. The court said, “ The court exceeded its powers in sentencing relator as it did. It could only pass judgment on the count in the indictment which charged the highest grade of offense ”.
In People v. Wells (246 App. Div. 853) the defendants were convicted of robbery, first degree, and assault, first degree. They were charged with assaulting a deputy sheriff with intent to kill him and then robbing him of the key to the jail in an attempt to escape. They received consecutive sentences. The court in a memorandum opinion held, ‘ ‘ The indeterminate sentence for assault in the first degree is reversed on the law and annulled. The sentence for robbery in the first degree is approved and affirmed ”. The court evidently proceeded on the theory that these were included crimes. Judge Cbapseb in a dissent ruled that these were separate crimes not included crimes but concurred nevertheless that the court exceeded its powers in imposing consecutive sentences under section 1938. He voted therefore to send the case back to the County Court for resentence.
In People v. Goggin (256 App. Div. 995) the defendant was convicted of attempted rape, first degree, and assault, second, included crimes, and was given consecutive sentences. The sentence for assault was reversed on the law and annulled. (Penal Law, § 1938.) This case and the Murphy case below were affirmed (281 N. Y. 611).
In People v. Murphy (256 App. Div. 995), a companion case to the above, the defendant was given a suspended sentence for *315 the rape and sentenced on the assault count. The court held ‘ ‘ While settled practice dictates the sentencing of a defendant under the highest count, error was not committed by imposing a term of imprisonment under the second count. (Penal Law, § 1938.) The defendant cannot, however, be sentenced under both counts.”
In Matter of Zovich v. Eaton (259 App. Div. 585) the defendant was convicted of robbery, first degree, and assault, first degree, and given consecutive sentences. The court below had ruled that these were separate, not included crimes. The appellate court said (p. 586) “We are unable to agree with this conclusion. An examination of the evidence taken on the trial indicates that petitioner committed no assault except that which was involved as an element of robbery. He held up four people by pointing a loaded revolver at them, and then he and his co-defendant robbed them. The acts of robbery and of assault were all part of a single transaction. Assuming, however, for the sake of argument that the trial court properly submitted to the jury the commission of two crimes arising out of a single transaction, it could only pass judgment upon conviction on the count in the indictment which charged the highest grade of offense. * * * [Citing Penal Law, § 1938.] In this case that was robbery, first degree. Under either theory the sentence for assault was in excess of the court’s power and, therefore, erroneous.” (Italics mine.)
In People v. Morel (258 App. Div. 971) the defendant was convicted of bribery and taking unlawful fees. (Penal Law, § 1826.) These were separate crimes. The defendant was given consecutive sentences. The sentence for taking unlawful fees was annulled.
In People ex rel. Richardson v. Morhous (182 Misc. 299, supra) the defendant was convicted of robbery, first degree, and assault, second degree, and given consecutive sentences. He appealed on other grounds and the judgment was affirmed. While still serving the first of his two sentences he instituted habeas corpus proceeding. The court set aside the sentence for assault without prejudice to the sentence for robbery.
In People v. Valentino (276 App. Div. 1030) the defendants pleaded guilty to three counts of an indictment. Counts 1 and 16 charged violation of sections 340 and 341 of the General Business Law which forbade agreements in restraint of trade. Count 17 charged a violation of section 580 of the Penal Law. These were separate crimes. Defendants were given consecutive sentences on all three counts. The court ruled that a viola *316 tion of the General Business Law provision was ipso facto a violation of the stated section of the Penal Law. The court for other reasons vacated the judgment on count 16. But the court added, if it had not vacated the judgment with respect to this count, it would nevertheless have held that no punishment could have been imposed on counts 2 and 16 in view of the punishment imposed under count 1, citing section 1938 of the Penal Law.
In People v. Hutchinson (276 App. Div. 1040) defendant was convicted of assault, second degree, and carnal abuse of a child (Penal Law, § 483-b). These were “ included ” crimes arising out of the same acts. Citing section 1938 of the Penal Law the court held “ Even though the trial court suspended sentence as to the assault count a judgment of conviction thereof upon which no punishment may be lawfully imposed should not stand upon the record.” Note that the judgment of conviction not the sentence was annulled.
In People v. Fyfe (273 App. Div. 768) defendant was convicted of both conspiracy to obstruct justice (Penal Law, § 580, subd. 6) and inducing another to withhold testimony (Penal Law, § 813) and received consecutive sentences. These were separate crimes arising out of the same transaction. The court said: “ We think in this case, due to the relation between the offenses charged in the two counts in the indictment, that sentence should have been imposed on both counts at the same time and the sentences made to run concurrently or one of the sentences suspended.” The case was remanded to the sentencing court for correction of the sentence. While the court did not cite section 1938 of the Penal Law, it is evident by the aforesaid direction that it acted under that section rather than section 543 of the Code of Criminal Procedure. Otherwise the appellate court would have itself modified the sentence.
The leading case in this jurisdiction is People v. Florio (301 N. Y. 46). That case is directly in point. The defendants were convicted of kidnapping, rape and assault. They were sentenced only for the kidnapping. The facts were that defendants kidnapped the complainant using an automobile and after driving her to a secluded spot some miles away forcibly raped her. On appeal the contention was made that the kidnapping was part of the rape and that the crime was abduction rather than kidnapping. The court said (p. 49): " It is true that the detention inevitably occurring during the immediate act of commission of such a crime as rape or robbery would not form a basis for a separate crime of kidnapping. That, how *317 ever, is not this ease. Defendants’ inveiglement, detention and confinement of a woman unknown to them against her will and without authority of law, constituted the separate and distinct crime of kidnapping. * * * The defendants could have been found guilty of kidnapping even if they had never carried out their purpose of raping complainant or had had some undisclosed * * * purpose.” (Supra, p. 54.) “ Had they been so convicted of kidnapping, abduction, rape and assault, by a general verdict, as was done here for all those crimes except abduction, then under section 1938 of the Penal Law, the court, under the settled practice of the criminal law, would have passed judgment on the count charging the highest grade of offense. * * =x= That result was accomplished by the sentence here.” (Italics mine.)
I see no distinction between the Florio case and the case before me. In this case too, the defendant was properly convicted of the separate crimes of kidnapping and robbery but should have been sentenced under the settled practice of the criminal law for only the crime of kidnapping. It is not at all material that in this case the kidnapping followed the robbery while in the Florio case, the kidnapping preceded the rape. Certainly the kidnapping was as much a part of the robbery as if it had preceded it. Bobbery is a continuing crime. The detention was admittedly for the purpose of permitting the accomplice to dispose of the stolen truck. Had the victims been killed during their detention, the defendants would have been guilty of felony murder. The felony had not been terminated. (People v. Kristy, 4 Cal. 2d 504.) Both crimes constituted a single transaction ‘ ‘ made criminal and punishable in different ways by different provisions of law ”. No separate act not essential to the commission of the robbery was charged or proved. A single series of acts were committed which motivated by the single intent to commit robbery, happened to violate both statutes.
The District Attorney relies on People ex rel. Poster v. Jaclcson (278 App. Div. 734). In that case the defendant pleaded guilty to six counts of an indictment charging him with sex offenses against his daughter all committed in a single transaction. He pleaded to incest (1st count), rape (2d count), abduction (3d count), assault with intent to commit incest and rape (4th count), sodomy (5th count) and assault with intent to commit sodomy (6th count). The defendant was sentenced for incest to five to ten years. This sentence covered the crimes of rape, abduction and assault with intent to commit incest and rape. He was also sentenced to ten to twenty years for the *318 sodomy which covered the included crimes of assault with intent to commit sodomy. Both sentences were to run consecutively. In other words the court gave separate consecutive sentences for one natural act of intercourse and one unnatural act both committed at the same time. The defendant instituted habeas corpus. The trial court sustained the writ. On appeal the writ was reversed. The court said: ‘ ‘ Relator contends that this was in violation of section 1938 of the Penal Law, in that his plea of guilty rendered his conviction one for a single criminal act made differently punishable by different provisions of law. We do not agree. The aforesaid offenses constitute different crimes the commission of which require separate and different criminal acts. Their gravamen is different in law and in fact. Their nature and definition is such that they cannot merge in a single offense. The sentences were lawfully imposed. (Penal Law, § 2190, subd. 4.) ”
I have examined the probation report. The facts indicate that the complainant was forced to commit sodomy upon the defendant as a preliminary to an act of sexual intercourse. Both charges were therefore based upon a single transaction, one act immediately preliminary and in preparation for the act of intercourse. It is possible of course to violate either statute without violating the other and if the commission of separable and distinct acts were charged although they might even have been committed relatively at the same time, double punishment could be upheld. I do believe however, with great respect to the court which made that decision, that where the violation of both statutes is predicated upon a single act of intercourse, section 1938 requires that the defendant be punished only for the higher offense. This is concededly however a close factual case. (See People v. La Vopa, 198 Misc. 285; People v. Purcell, 16 N. Y. S. 199; People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687; People v. Greer, 30 Cal. 2d 589, and People v. Slobodan, 31 Cal. 2d 555.)
California Cases
California’s Penal Code provision, section 654, except for minor verbiage, is the same as our section 1938 of the Penal Law.
But their kidnapping statute is different. It provides that one who confines, etc. “ with intent to hold or detain, or who holds or detains * * * to commit *■ # * robbery ” (California Penal Code, § 209) is guilty of kidnapping. Thus in California robbery may be an “included” offense or a " separate ’ ’ offense depending on the facts of each case. Thus *319 where the detention is incidental to the robbery, the cases hold that only one punishment may be imposed. But the cases go even further. They hold that even where the robbery and kidnapping are “ separate ” offenses, only one punishment may be imposed unless the factual situation is such as to clearly indicate that two separate crimes motivated by separate intents were actually committed.
The latest case is People v. Chessman (38 Cal. 2d 214) decided by the Supreme Court of California, December 1951. The defendant was convicted of kidnapping, robbery and sex crimes. The defendant approached a parked automobile and at pistol point took his male victim’s wallet. He then ordered the female victim out of the car and forced her to accompany him some distance away to where he had parked his own car. In that car he raped her. The court held of course that robbery was a separate crime from the kidnapping and rape. Nevertheless, it said ‘ ‘ Defendant is correct in his contention that punishing him separately for the violations of section 209 of the Penal Code (kidnapping) and for the robberies and sex crimes which, under the circumstances here, are essential parts of those violations, would amount to double punishment, which is forbidden by section 654 of the Penal Code ”.
This is the only kidnapping-robbery case in California in which double punishment was imposed. This is no doubt due to the fact that kidnapping carries with it the death penalty or life imprisonment.
However, there are other cases in which the application of section 654 to kidnapping and robbery convictions has been discussed. These cases do not involve double punishment. They do involve appellate practice. In California, under their appellate practice a multiple conviction for included crimes, or separate crimes arising out of one transaction, cannot be sustained. In this State we sustain the conviction but vacate the sentence for the lesser offenses. In California, the practice is to vacate the lesser conviction and allow only the judgment on the highest offense to stand. Thus where there have been convictions for kidnapping and robbery, although only one punishment is imposed, the court must decide whether under the rule of section 654 both convictions may be sustained. But, the fact that multiple convictions are allowed to stand is no indication that double punishment for those crimes would be sustained. The courts of that State have never so held — although that result should logically follow.
*320 The leading case on this appellate practice point is People v. Knowles (35 Cal. 2d 175). In that case the robbery was clearly an included crime with the kidnapping. But the court in discussing the other decisions on that point said: ‘ ‘ But the applicability of section 654 is not limited to necessarily included offenses. If a course of criminal conduct causes the commission of more than one offense, each of which can be committed without committing any other, the applicability of section 654 will depend upon whether a separate and distinct act can be established as the basis of each conviction, or whether a single act has been so committed that more than one statute has been violated. If only a single act is charged as the basis of the multiple convictions, only one conviction can be affirmed, notwithstanding that the offenses are not necessarily included offenses. It is the singleness of the act and not of the offense that is determinative. A statute providing for the punishment of any person operating a ‘ still ’ or having a ‘ still ’ in his possession, Stats. 1927, c. 277, p. 497, states two distinct offenses: operation and possession. If, however, the only act of possession is that necessarily incident to the operation, only one conviction can be affirmed. People v. Clemett, 208 Cal. 142, 146, 280 P. 681. An unsuccessful attempt at murder by use of a bomb may form the basis for convictions of attempted murder, assault with intent to kill, or malicious use of explosives. Insofar as only a single act is charged as the basis of the convictions, however, the defendant can be punished only once. People v. Kynette, 15 Cal. 2d 731, 762, 104 P. 2d 794. The possession of narcotics is an offense distinct from the transportation thereof, but there can be only one conviction when a single act of transportation is proved and the only act of possession is that incident to the transportation. Schroeder v. United States, 2 Cir., 7 F. 2d 60, 65. In People v. Greer, 30 Cal. 2d 589, 600, 184 P. 2d 512, the defendant was charged with the violation of Penal Code section 261(1) and Penal Code section 288. Both charges were based upon a single act of sexual intercourse with a girl under 14. It is possible to violate either statute without violating the other, and this court there stated that if the commission of separable and distinct acts were charged, although they might have been committed at relatively the same time, the convictions of both offenses would be upheld. If, as in that case, however, the violation of both statutes is predicated on the commission of a single act of sexual intercourse, Penal Code section 654 requires that the defendant be punished under only one statute.
*321 “ The distinction recognized in People v. Greer, supra, has permitted the affirmance of multiple convictions in cases in which separate and divisible acts have been proved as the basis of each conviction, even though those acts were closely connected in time and were part of the same criminal venture. In People v. Slobodion, 31 Cal. 2d 555, 561-563,191 P. 2d 1, this court sustained convictions under Penal Code sections 288 and 288a based upon a course of conduct with a young girl where the commission of a separate act as the basis of each offense was proved. See also, People v. Pickens, 61 Cal. App. 405, 407, 214 P. 1027 ; People v. Ciulla, 44 Cal. App. 725,187 P. 49. In People v. Ciulla, supra, the court sustained convictions for kidnapping under Penal Code section 207 and forcible rape, both offenses having been committed upon the same girl for the reason that the acts charged were separate and divisible and were connected only by the fact that they were part of a single criminal venture.
“ Since defendant’s convictions were predicated upon the commission of a single act, he cannot be subjected to punishment for both offenses under the rule of People v. Greer, supra. Defendant committed no act of seizure or confinement other than that necessarily incident to the commission of robbery. Waisler and Lesher were restrained only while the actual taking of personal property was being accomplished. No separate act not essential to the commission of the robbery was charged or proved. For that reason, there is no inconsistency between this case and those in which this court has affirmed multiple convictions of kidnapping and robbery. In each of those cases, the acts that formed the basis of the kidnapping conviction were separate from those that involved the actual taking of property. In People v. Brown, 29 Cal. 2d 555,176 P. 2d 929, the defendant forced his victim to drive a considerable distance to the outskirts of the city where they stopped and he raped her. While she was dressing, he took her wristwatch. The abduction or carrying away upon which the kidnapping conviction was based was separable from the robbery and not essential to its commission. In People v. Dorman, 28 Cal. 2d 846,172 P. 2d 686, the defendants drove their victim about for several hours without attempting robbery, then murdered him and only thereafter took his money. Again, the act of kidnapping was separable from the commission of robbery. See also, People v. Pickens, 61 Cal. App. 405, 407, 214 P. 1027. In People v. Kristy, 4 Cal. 2d 504, 50 P. 2d 798, the defendants robbed their victims and then kidnapped them to accomplish their escape from prison. In People v. Pearson, 41 Cal. App. 2d 614,107 P. 2d 463, habeas *322 corpus denied In re Pearson, 30 Cal. 2d 871, 186 P. 2d 401, the defendant robbed X and thereafter forced Y and Z to drive him away in an attempt to escape. He was convicted of the robbery of X and the kidnapping of Y and Z. In People v. Tanner, 3 Cal. 2d 279, 44 P. 2d 324, the defendants first took the valuables that formed the basis of the robbery conviction and thereafter confined their victims and tortured them in an unsuccessful attempt to secure information as to the location of other property.
‘ ‘ Unlike the defendants in the aforegoing cases, Knowles committed no act of kidnapping that was not coincident with the taking of personal property. There was no seizure or confinement that could be separated from the actual robbery as a separate and distinct act. Since he committed only a single, indivisible act, Penal Code section 654 requires that he be punished only once therefor. In view of the fact that the Legislature prescribed greater punishment for the violation of section 209 it must be deemed to have considered that the more serious offense, and the convictions thereunder must be the ones affirmed. (Citing cases.) ” (Italics mine.)
In the five kidnapping-robbery cases last discussed in the foregoing opinion, double punishment was not imposed. Yet logically double punishment could have been justified since in each case the robbery and kidnapping were separate crimes, motivated by separate intents and in each case separate acts not essential to the commission of the robbery were proved.
Federal Cases
The Federal cases are in conflict. The decisions vary between the several circuits and also with respect to the criminal statute involved. Stevens v. McClaughry (207 F. 18, 20) involved several included charges of stealing from the mail. The court after citing the many decisions applicable stated: “ The principle upon which the decisions in these cases rests is that two or more separate offenses which are committed at the same time and are parts of a single continuing criminal act, inspired by the same criminal intent which is essential to each offense, are susceptible to but one punishment.”
But that decision is in conflict with both earlier and later decisions of the Supreme Court. That court has followed the strict rule of constitutional double jeopardy laid down by Morey v. Commonwealth (108 Mass. 433, supra). (See, also, (Gavieres v. United States, 220 U. S. 338.) “ The applicable rule is that, where the same act or transaction constitutes a violation of two *323 distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” (Blockburger v. United States, 284 U. S. 299.)
Yet in the later case of Hewitt v. United States (110 F. 2d. 1,11) the Eighth Circuit, in discussing the bank robbery statute and the conflict in decisions between the several circuits said: “We think that the conclusion reached by the Fifth Circuit in the case of Durrett v. U. S., 107 F. 2d 438, is correct. Congress, in enacting sections 588b and 588c [12 U. S. C. A.], was dealing with the crime of bank robbery, and not with forcible taking, putting in fear, assault, putting lives in jeopardy, killing and kidnapping * * #. In effect, Congress created three classes of bank robbery according to degree; first, that which was accompanied by force or putting in fear; second, that which was accompanied by assault or putting lives in jeopardy; and, third, that which was accompanied by killing or kidnapping. Proof of robbery of the second class would also prove robbery of the first class, and proof of robbery of the third class would prove robbery of both the first and the second classes. Our conclusion is that the robbery of the University Bank constituted, for the purpose of sentence, but one offense, and that no sentence should have been imposed under the first count of the indictment.” In its latest decision, however, it is clear that the Supreme Court has modified the strict rule of constitutional double jeopardy.
In United States v. Michener (331 U. S. 789) that court affirmed the opinion of the circuit court expressing approval of that opinion as reported in 157 F. 2d 616, 618. The case involved a conviction for manufacturing a plate for counterfeiting purposes and also possession of such plate and the imposition of cumulative sentences. The court said: “ Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test usually applicable, and the one which appellant here invokes to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Hewitt v. United States, 8 Cir., 110 F. 2d 1; Roark v. United States, 8 Cir., 17 F. 2d 570, [51 A. L. R. 870]; Spencer v. Cox, 8 Cir., 140 F. 2d 73. The test of identity of offenses is whether the same evidence is required to sustain them. If it is not, then the mere fact that both charges relate to and grow out of one and the same transaction does not necessarily make a single offense where two are defined by the statute. There need not, however, be formal, *324 technical, absolute identity, but substantial identity is sufficient. To sustain the plea of double jeopardy, it must appear that appellant upon the first charge could have been convicted of the offense in the second. The possession with which appellant is charged in the second count resulted from and was an incident to the act charged in the first count. In other words, he became possessed of this plate by the unlawful act of making it or procuring it to be made. There was but one transaction and one plate and the act of procuring possession was an integral part of the unlawful act of creating this plate. There can be no doubt but that separate offenses might be charged and proved under this statute, but that does not solve the question here presented. We must interest ourselves not with what might have been done, but what was actually done in this case. As said by Judge Faris, speaking for this court in Cain v. United States, 8 Cir., 19 F. 2d 472, 474:
“ ‘ The trouble is not with the law but with the facts. This possibility of a violation of either statute by wholly different acts is readily demonstrable. Many of the cases seem to make the latter possibility the test which saves the situation from double jeopardy. We think, however, it is a question of what was actually done rather than a question of what might have been done. Defendant concededly might have made a sale of morphine without sending such morphine through the mail, or he might have sent morphine through the mail, or shipped it by express or by freight, and thus have been guilty on the second count, without making a sale.’
“So in the instant case, it may be conceded that under a possible state of facts one could properly be convicted of the two offenses charged in the indictment, but as stated by Judge Faris in Cain v. United States, supra, ‘ It is a question of what was actually done rather than a question of what might have been done.’ This thought is expressed by Judge Rutledge, now Mr. Justice Rutledge, in a concurring opinion in District of Columbia v. Buckley, 75 App. D. C. 301, 128 F. 2d 17, 21, where, in referring to the evidence type of test, he says:
' ‘ ‘ That test is useful to spell out the elements of the crimes charged, and therefore to disclose what, if any, difference exists between them. If there is none that ends the matter. But if difference is disclosed there is in my view always another step which must be and is taken either intuitively or with deliberation. That is to weigh the difference to determine whether it is substantial or too minor to be material for purposes of double jeopardy. The court must evaluate as well as spell out the *325 difference, and determine whether the element it affects is sufficiently important in relation to other elements involved in both crimes to justify refusal to apply the constitutional protection.’ ‘ ‘ Substantially the same test is suggested by the Circuit Court of Appeals of the Seventh Circuit, in the case of Murphy v. United States, 285 F. 801, 817, where in an opinion by Judge Evans it is said:
“ ‘ The Fifth Amendment to the Constitution protects all against double punishment for the same offense. Its enforcement and its application, demand a test which is a practical, not a theoretical one. It is the evidence, and not the theory of the pleader, to which we must look to determine this issue. And it is needless to add that one accused of crime, regardless of kind or magnitude of the offense, is entitled to the protection of this section of the Constitution.’ * * *
" Strictly speaking, the erroneous imposition of two penalties for a single offense does not constitute double jeopardy. The sentence is void as to the excess and in such circumstances the remedy is to apply to vacate the sentence and for re-sentence, or to correct the sentence by eliminating the excess. Holiday v. Johnston, 313 U. S. 342, 350, 61 S. Ct. 1015, 85 L. Ed. 1392; White v. Pescor, Warden, 8 Cir., 155 F. 2d 902. * * *
“We conclude that the sentence and judgment are excessive and can not stand without modification. The order appealed from is therefore reversed and the cause is remanded with directions to modify and correct the sentence and judgment by vacating that part thereof which adjudges appellant guilty under the second count of the indictment.” (Italics mine.)
This rule was followed in this circuit in the recent cases of United States v. Chiarella (187 F. 2d 12, 13) and in United States v. Farina (193 F. 2d 436).
Summary of Case Law
We have seen that in all jurisdictions a defendant may not be doubly punished for “ included ” crimes. An “ included ” crime is one that must necessarily be committed in the commission of another. Thus in murder, there must be first an assault; add to the assault the element of battery and it becomes an assault and battery; add the element of the death of the victim and it becomes manslaughter; add the element of intent to kill and it becomes murder. All of these lesser crimes are “ included ” in the crime of murder. The same is true of robbery. There can be no crime of robbery without-committing the “ included ” crimes of assault and larceny.
*326 A “ separate ” crime on the other hand is one which need not necessarily be committed in the commission of the other. Thus there may be a robbery without a kidnapping and a kidnapping without a robbery.
We have seen that the difference between an “ included ” crime and a “ separate ” crime is entirely a matter of legislative definition. Thus in California where one kind of kidnapping is defined as detention for the purpose of robbery, robbery is an included crime with kidnapping. There can be no kidnapping under the definition without a robbery. Also in this State prior to the Penal Code burglary was defined as breaking and entering and stealing. Larceny was an “ included ” crime with burglary and it was held that a person convicted of larceny could not be tried for burglary. (People v. Smith, 57 Barb. 46.) But the Legislature in adopting the Penal Code redefined burglary as breaking and entering with the intent to steal. Thus larceny was made a “ separate ” crime from burglary. To clarify the legislative intent section 506 of the Penal Code, now 406 of the Penal Law, specifically provided that each crime could be separately punished. The Legislature by redefinition can do the same with any crime. It could define robbery as assault with intent to steal thus making larceny a “ separate ” crime from robbery.
With respect to “ separate ” crimes the cases in all jurisdictions uniformly hold that it is not the statutory definition of the crime which is determinative but rather the acts which were committed by the defendant. Under the statutory definition each crime could very well be committed without committing the other. But in New York (Penal Law, § 1938) and in California (Penal Code, § 654) and by decision in other .jurisdictions, if the same acts result in the commission of two “ separate ” crimes, the acts may not be doubly punished. The test is always a factual one. The statutory definition is not at all material.
Although our statute (Penal Law, § 1938) speaks of “an act ’ ’ we know that few if any- crimes are committed by a single act. A crime unless it is a crime of omission results from a series of acts or a transaction motivated by a criminal intent. The true factual test is “ Were all of the acts performed necessary to or incidental to the commission of a single crime and motivated by an intent to commit that crime ”? Then even if another separate crime be committed or another statute also violated, the defendant may not be doubly punished. He may be punished only for the highest offense committed. But if *327 any of the acts were not necessary to or incidental to the commission of the crime intended, and those acts result in the commission of a separate crime, then the defendant may be doubly punished for each crime.
Applying this factual test to People v. Florio (supra) —the acts of detention were all either necessary to or incidental to the crime of rape which the defendant intended to commit. The defendant could not have been raped on the street on which she was accosted. She had to be forced in the car and detained until the car could be driven to a secluded section. The court held that the defendant had been properly convicted of the separate crimes of rape and kidnapping but could only be sentenced for the highest offense.
Applying this factual test to the California ease of People v. Brown (supra) — the defendant kidnapped his victim for the purpose of rape; after he had raped her he took her wristwatch. The act of taking her wristwatch was not necessary to or incidental to the commission of the crime of rape which he intended. It was motivated by a separate intent. The defendant could be doubly punished.
Applying this factual test to the case before me — the acts of detention were necessary to or incidental to the crime of robbery which the defendant intended to commit. The detention was not separately motivated but was solely for the purpose of permitting the accomplice to dispose of the loot before the alarm could be given. True, under the statutory definitions, the crime of robbery can be committed without committing kidnapping and kidnapping without committing robbery. But under the factual test, an examination of the evidence discloses that no act was committed which was not necessary or incidental to the robbery and all such acts were motivated by an intent to commit that crime. The defendant was properly convicted of both kidnapping and robbery but he could not be doubly punished for both those crimes.
Motion to Correct Sentence
The defendant originally instituted coram nobis proceedings. This petition was withdrawn and a motion for correction of sentence substituted. (See Eli Frank, The Writ of Error Coram Nobis, p. 77, for a clear statement of the difference between the two proceedings.)
There is no statutory prohibition against correction of sentence even after imprisonment has commenced.
*328 Section 2188 of the Penal Law and 470-a of the Code' of Criminal Procedure both contain the provision ‘ ‘ Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced These provisions were added to section 2188 by chapter 586 of the Laws of 1920 and to 470-a by chapter 476 of the Laws of 1920.
At the time of the enactment of these chapters both sections 2188 and 470-a contained a provision that a judgment could be suspended in whole or “in part ”. It was not unusual for a court to impose a ten-year sentence and then add to the judgment an order that at the end of a lesser period or on a fixed date the execution of the sentence was to be suspended and the defendant placed on probation for the remainder of the ten-year term.
It was to correct that situation that the aforesaid limitations were added to sections 2188 and 470-a. The clear intent was to prevent the court from providing in a judgment that prior to the termination of the sentence, the execution thereof should be “ ‘ suspended or interrupted ’ ”. (See People ex rel. Holton v. Hunt, 217 App. Div. 428, and 1923 Atty. Gen. 177.)
“ The power of a court of record to correct erroneous sentences and to impose proper ones has been recognized and exercised time out of mind. It is no longer an open question in this State.” (People ex rel. Miresi v. Murphy, 253 App. Div. 441, 444; see, also, People v. Farrell, 146 Mich. 264, and McCormick v. State, 71 Neb. 505.)
Thus a defendant erroneously sentenced as a second or subsequent offender may be resentenced as a first offender. (People ex rel. Sloane v. Lawes, 255 N. Y. 112; People ex rel. Marcley v. Lawes, 254 N. Y. 249; Matter of Dodd v. Martin, 248 N. Y. 394; People ex rel. Dunn v. Martin, 266 App. Div. 698; People v. Irwin, 266 App. Div. 736, 738; People v. Dafoe, 254 App. Div. 624.) And a defendant given an erroneous sentence for being armed under section 1944 of the Penal Law may have his sentences corrected. (Matter of Lyons v. Robinson, 293 N. Y. 191; People ex rel. Mummiani v. Jackson, 269 App. Div. 919, affd. 295 N. Y. 914.) A clerical error in recording a plea may be corrected after defendant has commenced service of his sentence. (People ex rel. Hirschberg v. Orange Co. Ct., 271 N. Y. 151.) "When a trial court imposed a sentence less than the minimum provided by law, it could be mandamused to correct that sentence. (Cropsey v. Tiernan, 172 App. Div. 435; People ex rel. Abrahamson v. Snyder, 81 N. Y. S. 2d 538, affd. *329 274 App. Div. 909.) A flat sentence erroneously imposed may be corrected to an indeterminate sentence. (People v. Rozea, 267 App. Div. 569.) An illegal sentence to a State prison for a misdemeanor may be corrected after sentence has been commenced. (People ex rel. Devoe v. Kelly, 97 N. Y. 212.)
The same rule of law is applicable in the Federal courts. (Holiday v. Johnston, 313 U. S. 342.) That case held “ habeas corpus cannot be awarded to afford a prisoner such an opportunity, McNally v. Hill, 293 U. S. 131. His remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty.” In the Federal courts the procedure is now statutory. The prisoner may apply to the court of original jurisdiction to vacate, set aside, or correct the sentence where a claim is made that “ the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack ”. (U. S. Code, tit. 28, § 2255.)
In this State, when the correction of the sentence would entitle the prisoner to discharge from custody, the remedy is either habeas corpus or motion to correct the sentence. Otherwise the defendant should apply to the sentencing court for correction of the sentence.
The motion is granted. The sentence imposed on January 18, 1937, for the crime of robbery first degree is vacated and set aside. In all other respects the judgment may not be disturbed.