THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERY A. NELSON, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered December 31, 1968, convicting him of criminal trespass in the first degree and petit larceny, upon his guilty plea, and sentencing him to one year for each said crime, the sentences to run consecutively. Judgment reversed, on the law, and case remanded to the County Court for resentencing in accordance herewith. No questions of fact were considered. The larceny occurred during the trespass. The two crimes were part of a single transaction (cf. People v. Florio, 301 N. Y. 46; People v. Savarese, 1 Misc 2d 305; People ex rel. Maurer v. Jackson, 2 N Y 2d 259). The maximum total of the two definite consecutive sentences may not, therefore, exceed one year (Penal Law, § 70.25, subd. 3). Beldock, P. J., Christ, Hopkins, Munder and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANGEL RIVERA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 8, 1968, convicting him of violation of the Public Health Law with respect to narcotics (three counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and case remanded for resentence of defendant in accordance with the applicable provisions of the Mental Hygiene Law. The findings of fact below are affirmed. The provisions of section 208 of the Mental Hygiene Law are mandatory in the instances specified therein (cf. People v. Odom, 32 A D 2d 651). The record before us raises serious doubt as to whether defendant, who had been certified as a narcotic addict, was sentenced pursuant to section 208. His certification as an addict was not included among the papers on file in the office of the clerk of the trial court; and, although he admitted being an addict, the finding to that effect which was required by section 208 was not made by the sentencing court. Moreover, the record contains no indication that the court was even aware of the certification. In these circumstances the presumption of regularity does not prevail. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER SOKOLOWSKI, Appellant.— In a coram nobis proceeding to vacate a judgment of conviction rendered January 6, 1966 and an amended judgment rendered May 9, 1966, defendant appeals from an order of the County Court, Nassau County, entered September 11, 1968, which denied the application without a hearing. Order affirmed. No opinion. This court will not consider the second point in appellant's brief, which is concerned with appellant's motion for resentence, since no notice of appeal was timely filed by him from the order granting reargument of the original motion for such relief and adhering to the original decision denying the motion. Furthermore, no appeal lies from an order denying a motion for resentence (People v. Miele, 30 A D 2d 539; People v. Holmes, 27 A D 2d 843). Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.