Raymond L. Wilkes, J.
Fantasies unfulfilled make for restless dreams forever, and James Royster is no exception to that timeless lament. His appellate remedies having been tried and found wanting, he endeavors yet again to extricate himself from the anguished web of consecutive sentences.
*276 The defendant moves this court, pursuant to GPL 440.20 in order to vacate the sentences heretofore imposed upon him pursuant to Indictment No. 21367. It appears that after having been found guilty by a jury of the crimes of burglary in the third degree and grand larceny in the first degree, he was sentenced on May 20, 1966 to an indeterminate term of imprisonment for a maximum of1 10 years and a minimum of 5 years under each count, said sentences to be served consecutively. The defendant asserts that these sentences are violative of section 1938 of the former Penal Law which precludes double punishment for a single act, although 1 ‘ made criminal and punishable in different ways, by different provisions of law”.
In support of the foregoing contention, the defendant alludes to People v. Savarese (1 Misc 2d 305) which involved a kidnapping and a robbery. Judge Nathan Sobel held that if all the acts performed were necessary or incidental to the commission of a single crime and were motivated by an intent to commit that crime, then even if another separate crime be committed or1 another statute also be violated, the defendant may not be doubly punished. If, however, any of the acts were not necessary to or incidental to the commission of the crime intended and those acts result in the commission of a separate crime, then a defendant may be punished for each crime. Applying this rule, Judge Sobel found that kidnapping a truckdriver and his assistant while their truck was being hijacked was necessary and incidental to the robbery; therefore, though properly convicted of both kidnapping and robbery, the defendant could not be punished for both crimes. (People v. Savarese, supra, pp. 325-327.)
A brief review of the history of this defendant’s case indicates that his conviction has been affirmed without opinion by the Appellate Division, Second Department (People v. Royster, 27 A D 2d 801) and"that leave to appeal to the Court of Appeals was subsequently denied (March 21, 1967). In his appeal to the Appellate Division, the issue of the validity of his sentence was raised and rejected. It, therefore, would appear that this motion should be denied out of hand — were it not that the interesting and troublesome question which it poses warrants the dignity of the discomfort of thought prior to the luxury of opinion. (GPL440.20, subd. 2.)
Section 1938 of the former Penal Law provides, in part, as follows: An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one
*277 The leading case interpreting this section is People ex rel. Maurer v. Jackson (2 N Y 2d 259). There, the Court of Appeals (pp. 264-265) stated: “ It is clear that if separate and distiúet acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction. [Citations omitted.] It is also not open to dispute that if there were merely a single inseparable act violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment * * * We recognize that section 1938 is not by its terms limited to include crimes although it is clear that the statute will there apply; if, however, the acts are separable, it will not apply.” (Emphasis supplied.)
The various Appellate Divisions of this State, in interpreting section 1938 of the former Penal Law and in applying Maurer (supra) seem to have arrived at different “ tests ” for determining if double punishment is proper. It appears that the Appellate Divisions of the First, Second and Third Departments, in determining the applicability of section 1938 focus their attention on the acts committed by the defendant. “ The test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent.” (Emphasis supplied.) (People v. Baker, 27 A D 2d 269, 272, quoting Morgan v. Devine, 237 U. S. 632, 640; see, also, People v. Black, 18 A D 2d 719; People ex rel. Eldard v. LaVallee, 15 A D 2d 611.)
In this regard, the maverick of the moment has been the Appellate Division, Fourth Department, which has looked to the motivating force of the transaction to determine whether or not separate and distinct acts have been committed. The Fourth Department has looked to the defendant’s intent; if two crimes arose out of a single criminal transaction and were ‘ ‘ motivated by a continuing intent”, then consecutive sentences are improper. (People v. Kelly, 25 A D 2d 715.)
In People v. Baker (27 A D 2d 269, affd. 19 N Y 2d 982) this dichotomy in approach was carefully outlined by Justice Tilzeb. He there points out (p. 273): “ the courts of this State, with the exception perhaps of the Fourth Department, have refused to follow People v. Savarese (1 Misc 2d 305).” (The case upon which the defendant relies.)
Justice Tilzeb then notes (pp. 273, 274): “ in People v. Di Lapo (14 N Y 2d 170 [1964]) where the Court of Appeals refused to *278 consider the defendant’s ‘ intent ’, it was held that ‘ It is not impossible to say that there were separate acts or elements making out, separately, assault with intent to kill and attempted robbery, and that double punishment was, therefore permissible. ’
“ Judge Bergaw in his dissent in the last cited case (p. 175), recognizing that the ‘ test of what is the same ‘ ‘ act ’ ’ made punishable in ‘ ‘ different ’ ’ ways is not always clear ’, observed that a criterion that might be used in applying section 1938 is a recognizable differential in the time sequence —one thing done before the next thing starts.’
“ ‘ This was the standard set in People v. Snyder (supra) [241 N. Y. 81] which treated the breaking into the chicken coop as a burglary separate from the larceny thereafter committed in stealing 30 chickens (pp 82, 83).’
“ Here the defendant unlawfully entered, not a chicken coop, but the dwelling house of Barry Tischler. Up to this point the act of the defendant constituted one crime (Penal Law, § 405). The act of the defendant committed thereafter, in stealing a television-'set of the value of $75 from Barry Tischler, constituted a second crime. Each is subject to separate punishment. Section 1938, it is true, does not permit of easy application. A simple test is most difficult to devise. The best guide nevertheless, as the iCourt of Appeals indicated in the Jackson case (2 N Y 2d 259, 265, supra) is- an analysis of the acts involved. Each case must be resolved on its own facts.” (Emphasis supplied.)
The Second Department, in applying section 1938 of the former Penal Law and the test distilled from Maurer to burglary and robbery or larceny charges, has consistently held consecutive sentences to be valid. (See, for example, People v. Ody, 13 A D 2d 569, cert. den. 368 U. S. 858; People v. Bryant, 31 A D 2d 934, and the cases cited therein.)
From the foregoing, the inescapable conclusion is that burglary and grand larceny are two separate and distinct acts for which consecutive punishment would be warranted.
One further point should be made here. The present Penal Law equivalent of section 1938 is .subdivision 2 of section 70.25. That section provides as follows: ‘ ‘ When more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other, the sentences must run concurrently.”
*279 In his Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 70.25) Peter Preiser states: “ Subdivision 2 sets forth the limitation on the use of consecutive sentences. This rule is the same as the one enunciated in former Penal Law, § 1938 as interpreted by the Court of Appeals in People ex rel. Maurer v. Jackson, 1957, 2 N Y 2d 259, 264 ”. (Emphasis supplied.)
As recently as People v. Tammer (30 N Y 2d 102, 108) the Court of Appeals in interpreting section 70.25 of the Penal Law, cited as controlling the Maurer case in finding ‘1 successive separate acts ” upon the record before them and upheld consecutive sentences.
We can only conclude from this that the cases determined under the former Penal Law are still apposite today. Those cases, as noted above, hold that consecutive sentences for burglary and larceny charges are proper. Consequently, this aspect of the defendant’s motion must be denied.
In a supplemental motion, the defendant complains that the trial evidence was insufficient and that the court’s charge was incorrect with regard to the count of grand larceny in the first degree (former Penal Law, § 1294). The defendant contends that “ the People established that the stolen property had a value of over twenty-five dollars ($25.00), but not more than five hundred dollars ($500.00); therefore, the conviction for Grand Larceny in the First Degree should not stand.”
Section 1294 of the former Penal Law provided: “ A person is guilty of grand larceny in the first degree, who steals, or unlawfully obtains or appropriates, in any manner specified in this article: 1. Property of any value, by taking the same from the person or another in the night time; or 2. Property of the value of more than twenty-five dollars, by taking the same in the night time from any dwelling-house, vessel, or railway car; or 3. Property of the value of more than five hundred dollars, in any manner whatever.”
The trial record indicates that the appraised value of the property taken was $83. The court instructed the jury properly pursuant to subdivision 2 of section 1294 of the former Penal Law. The jury then apparently found the defendant guilty of stealing or unlawfully obtaining or appropriating property of a value of more than $25 by taking the property in the nighttime from the victim’s dwelling.
The defendant’s reliance on People v. Royster (33 A D 2d 925) is misplaced. That case involved a different indictment *280 for a different larceny in which apparently the People had failed to prove the value of the property stolen to be more than $500 (former Penal Law, § 1294, subd. 3). Evidently the trial proof was sufficient to establish that the property taken was valued at more than $100. The charge was therefore reduced by the Appellate Division from grand larceny first degree (former Penal Law, § 1294, subd. 3) to grand larceny second degree (former Penal Law, § 1296, subd. 1), and as such the conviction was affirmed. That case, however, in no wise affects the validity of the conviction in the cause at bar nor does it affect the meaning or interpretation of subdivision 2 of section 1294 of the former Penal Law.
By way of conclusion, this court must note in passing that it has its misgivings anent the diversity of past appellate resolution of the problems raised by consecutive sentences. Savarese (supra) stirs haunting embers of thought not readily stilled. The bonfires of eternal hope still glow! However, personal predilections to the contrary notwithstanding, the court is reluctantly constrained to conclude that the present state of the law virtually mandates the tone as well as the texture of this decision. Perhaps it is really time for a change — a time for “acts”, “ intent ”, and “ statute ” — to be reconciled with the realities of human frailty.
In view of the foregoing, the instant motion is in all respects denied.