In the Matter of SAMUEL SHILLITANI, Respondent, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Appellants.

First Department, June 27, 1945.

*Irving W. Young* of counsel (*Edward F. Snydstrup* and *Jordan R. Bassett* with him on the brief; *Ralph W. Brown,* attorney), for New York Telephone Company, appellant.

*Harry Zamore* of counsel (*Ignatius M. Wilkinson, Corporation Counsel*), for Lewis J. Valentine, Police Commissioner, appellant.

*Millard E. Theodore* for respondent.

**Per Curiam.** In proceedings in the nature of mandamus under article 78 of the Civil Practice Act, it is a fundamental rule that a peremptory order may not issue unless the petitioner has a clear legal right to the relief which he seeks. (*Matter of Leitner* v. *New York Telephone Co.*, 277 N. Y. 180, 186.) On all the facts and circumstances disclosed in this record, it seems clear that petitioner was using the telephone in question to a large extent for unlawful activities in violation of sections 986 and 991 of the Penal Law, and there was enough to indicate that the facilities of the telephone company were being used to further illegal gambling operations.

That the petitioner was discharged by the magistrate " does not of itself prove the falsity of the charge " (*People ex rel. Restmeyer* v. *N. Y. Telephone Co.*, 173 App. Div. 132, 134, First Dept.). Petitioner is invoking the equity powers of the court and equity will not lend its aid to further the commission of illegal or criminal acts. Petitioner has failed to show a clear legal right to the relief here asked.

A request of the law enforcement officers to the telephone company to discontinue the telephone service would, under the circumstances here disclosed, be sustained if complied with (*People ex rel. Restmeyer* v. *N. Y. Telephone Co., supra,* 133), and it was unnecessary for the police to remove the telephone in the manner in which it was removed in the first instance. But, on this record, the telephone company was within its rights in refusing to reinstate the service.

The order appealed from should be modified so as to direct a dismissal of the petition against both respondents-appellants on the merits and as so modified affirmed, with costs and disbursements to the respondents-appellants.

Cohn, J. (concurring in part). Upon the record I do not concur in the finding that the Special Term erred in deciding that petitioner was not using the telephone in his private dwelling for book-making in violation of section 986 of the Penal Law. However, according to petitioner's testimony, for over a period of six months, he had been using his telephone service for the purpose of placing many bets with book-makers for himself, two partners and a friend. By statute all wagers or bets upon a horse race (except at authorized race tracks) are declared to

be unlawful. (Penal Law, § 991.) Though the wagers are not made a crime by statute, the activity is condemned as unlawful and illegal. (Cf. also Penal Law, §§ 990 and 992.) Where, as here, the telephone equipment was used to a large extent for such unlawful activities, appellant New York Telephone Company was justified in refusing to reinstate its service to petitioner.

The Special Term has found that the police commissioner is not vested by law with any authority to approve or disapprove requests for telephone service and that in an application for restoration of telephone equipment and service no such consent or approval is required; that, accordingly, he is neither a necessary nor a proper party to this proceeding. It is greatly to be desired that a telephone company should cooperate in every lawful manner with the Police Department in combating crime. However, there does not appear to be any authority in law which compels a telephone company to make its restoration of telephone service dependent upon the approval of the police commissioner or of any other city agency.

The order should, accordingly, be modified so as to direct a dismissal of the petition against appellant New York Telephone Company on the merits, and it should be affirmed as to appellant Valentine upon the ground that he is not a necessary or proper party to the proceeding.

MARTIN, P. J., DORE and CALLAHAN, JJ., concur in *Per Curiam* opinion; COHN, J., concurs, in part, in opinion; UNTERMYER, J., concurs in the dismissal of the petition as against the appellant New York Telephone Company; but votes to affirm as to the police commissioner for the reasons stated in the opinion of Mr. Justice COHN.

Order modified so as to direct a dismissal of the petition against both respondents-appellants on the merits and as so modified affirmed, with costs and disbursements to the respondents-appellants. Settle order on notice.