In the Matter of SAMUEL SHILLITANI, Appellant, against LEWIS J. VALENTINE, as Police Commissioner of the City of New York, et al., Respondents.

Argued November 18, 1946; decided January 16, 1947.

*Millard E. Theodore* for appellant. I. The appeal taken by the police commissioner should have been dismissed because he was not an aggrieved party. (*Hooper* v. *Beecher,* 109 N..Y. 609.) II. Petitioner did not use his telephone either to commit or attempt to commit the crime of book-making or any other crime. (*People* v. *Edelstein,* 231 App. Div. 459; *People ex rel. Collins* v. *McLaughlin,* 128 App. Div. 599; *Whalen* v. *Stuart,* 194 N. Y. 495; *Neva-Wet Corp.* v. *Never Wet Processing Corp.,* 277 N. Y. 163; *York Mortgage Corp.* v. *Clotar Constr. Corp.,* 254 N. Y. 128; *Bamman* v. *Erickson,* 288 N. Y. 133.) III. The police commissioner was neither a necessary nor a proper party. (*Bus Depot Holding Corp.* v. *Valentine,* 288 N. Y. 115; *People* v. *Galpern,* 259 N. Y. 279.)

*John J. Bennett, Corporation Counsel* (*Seymour B. Quel* of counsel), for Police Commissioner of the City of New York, respondent. I. The police commissioner is a proper party to this proceeding. In any event, petitioner having joined the police commissioner as a defendant may not object to his par-

ticipation in the proceeding. (Charter of City of New York, § 435; *People ex rel. Restmeyer* v. *New York Telephone Co.,* 173 App. Div. 132; *People ex rel. Hiegel* v. *New York Telephone Co.,* 119 Misc. 61; *Matter of Manfredonia* v. *New York Telephone Co.,* 183 Misc. 770; *Matter of Cullen* v. *New York Telephone Co.,* 106 App. Div. 250; *Matter of Montario* v. *New York Telephone Co.,* 181 App. Div. 893, 224 N. Y. 571; *Matter of Dees Cigarette & Automatic Music Co.* v. *New York Telephone Co.,* 184 Misc. 269; *Lindlots Realty Corp.* v. *County of Suffolk,* 278 N. Y. 45.) II. The police commissioner was aggrieved by the order at Special Term and his appeal to the Appellate Division was proper. (*Matter of Electrolux Corp.,* 286 N. Y. 390; *Assalone* v. *Hazel,* 270 N. Y. 580.) III. The evidence overwhelmingly supports findings to the effect that petitioner was using his telephone to a large extent for unlawful activities in violation of Penal Laws (§§ 986, 991) and to further illegal gambling operations. Defendants' refusal to approve the restoration of or to restore telephone service under such circumstances was fully justified. (*Pocket Books, Inc.,* v. *Meyers,* 292 N. Y. 58; *Harrington* v. *Harrington,* 290 N. Y. 126; *Bammam* v. *Erickson,* 288 N. Y. 133; *People* v. *Goldstein,* 295 N. Y. 61.)

*Irving W. Young, Edward F. Snydstrup, Jordan R. Bassett* and *Ralph W. Brown* for New York Telephone Company, respondent. I. On the undisputed facts petitioner's use of his telephone was for activities in violation of the Penal Law and he has no clear legal right to compel the furnishing of telephone service to be so used. (*Matter of Leitner* v. *New York Telephone Co.,* 277 N. Y. 180; *Matter of Pruzan* v. *Valentine,* 282 N. Y. 498; *Bamman* v. *Erickson,* 288 N. Y. 133; *People ex rel. Allen* v. *Hagan,* 170 N. Y. 46; *People* v. *McGuire,* 275 N. Y. 521; *People* v. *Goldstein,* 295 N. Y. 61; *Matter of Stewart* v. *Department of State,* 174 Misc. 902, 260 App. Div. 979; *People ex rel. Restmeyer* v. *New York Telephone Co.,* 173 App. Div. 132; *Willson* v. *Manhattan Railway Co.,* 2 Misc. 127, 144 N. Y. 632.) II. The determination by the Appellate Division that respondent police commissioner was entitled to a final order dismissing the petition as against him on the merits furnishes no ground for reversal. (*Brown* v. *Manufacturers Trust Co.,* 278 N. Y. 317; *Matter of Cullen* v. *New York Tel. Co.,* 106 App. Div. 250; *People ex rel. Restmeyer* v. *New York Telephone Co.,* **173 App.**

Div. 132; *People ex rel. Hiegel* v. *New York Telephone Co.,* 119 Misc. 61; *Matter of Manfredonio* v. *New York Telephone Co.,* 183 Misc. 770.)

*Per Curiam.* Since the record justifies the conclusion that petitioner was engaged in conduct violative of section 986 of the Penal Law, it follows that he failed to establish — in this proceeding under article 78 of the Civil Practice Act — a clear legal right to the relief sought. Under the circumstances of this case, there was no warrant for compelling the telephone company to reinstate its service for petitioner.

In our view, however — though the Police Commissioner may have a deep and real interest in law enforcement — neither he nor any other law enforcement agent may, by reason thereof, be regarded as an indispensable, necessary or proper party or one permitted to intervene in a proceeding such as the present (Civ. Prac. Act, §§ 193, 193-b, 211).

Neither the Police Commissioner nor the Police Department is given any authority by statute to pass upon or regulate applications for telephone service, or to require a telephone company to withhold or discontinue its service. Approval of the commissioner is not a statutory condition precedent to the granting of the relief sought by appellant, and there is no warrant or need for any direction to him in this proceeding.

Whether or no service should be terminated or discontinued, is a decision that must be made by the telephone company. That power — as well as duty — rests with the public utility, and it may not delegate the one or avoid the other. True, the company is free to consult with the Police Department or with any other law enforcement agency, and may be guided in its action by the advice received. But whether the action is justified or warranted must be determined by the telephone company upon the facts presented. That being so, the telephone company is the only indispensable, necessary or proper party in a proceeding such as that before us.

The order should be affirmed, with costs to the respondent New York Telephone Company.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur; CONWAY, J., taking no part.

Order affirmed, etc. [See 296 N. Y. 857.]