THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FRANK LAVOPA, Defendant.

County Court, Bronx County, March 27, 1950.

*Edward Carey Cohen* for defendant.

*George B. De Luca, District Attorney (Neal P. Bottiglieri* of counsel), for plaintiff.

STACKELL, J. The defendant was indicted, charged with the crimes of rape in the second degree and assault in the second degree, arising out of an act of sexual intercourse had with the complainant, a seventeen-year-old female. The defendant moves for an order dismissing the indictment. It is alleged in the moving papers that the accusation arose from a situation wherein the police raided an apartment located in the Bronx in which they found the defendant, two other men and four women who were in various stages of undress; that the two men other than this defendant, were in possession of cameras which were seized by the police; that the films found in these cameras were later developed in the police laboratory, which disclosed that some of these women were in the nude and that the defendant in one of the photographs appeared in a long suit of underwear on top of the complainant, as a result of which he was indicted for the crimes of rape and assault.

It further appears that as a result of the aforesaid raid, other charges were placed against this defendant, to wit, an information was filed against him in the Court of Special Sessions which accused him of impairing the morals of three minor children, ages four, five and six respectively, who were in another room of the apartment and presumably asleep at the time, to wit, 1:30 in the morning, in violation of section 483 of the Penal Law. This defendant was also charged with vagrancy as defined in subdivision 4 of section 887 of the Code of Criminal Procedure. The defendant further states in support of his application that he, with the two photographers were tried in the Magistrate's Court, and found guilty of violation of subdivision 4 of section 887 of the Code of Criminal Procedure and sentenced to thirty days in the workhouse, which sentence they served; that thereafter a motion was made in the Court of Special Sessions for a dismissal of the information pending in that court, which charged the defendant with violation of section 483 of the Penal Law (impairing the morals of minors),

upon the ground that a trial of the information would subject the defendant to double jeopardy, he having already been convicted of the crime of vagrancy arising out of the same set of facts as alleged in the impairment charge; that the Court of Special Sessions granted the motion and the information was accordingly dismissed.

It is now urged in this court that a trial upon the indictment would likewise subject the defendant to a second jeopardy in violation of his statutory and constitutional rights; that the charges in the indictment filed herein arose out of the same circumstances as the vagrancy accusation, of which the defendant was duly convicted and sentenced. It is further contended that the rape charge against the defendant cannot be sustained upon the basis of a seized photograph since penetration is a necessary ingredient of the crime of rape in the second degree, and that the act of intercourse is denied by the defendant, and it is urged that it is likewise denied by the complainant who is alleged to have testified before the grand jury. With respect to this second ground urged in behalf of the defendant, I have read the Grand Jury minutes and although the testimony of the complainant is somewhat vague and by no means satisfactory, in my opinion the same presents a question of fact and therefore I cannot dispose of it as a matter of law.

With respect to the defendant's first contention, that the prosecution of the indictment herein is estopped by reason of double jeopardy, the law seems to be well established. The test is whether the offenses are identical in law and in fact, whether they are of the same legal character and whether the same evidence will support both charges. The " same offense " as used in the constitution means the identical act and crime. The question therefore arises whether the defendant was previously convicted of the same act in the Magistrate's Court for which he is now being prosecuted in the County Court. An examination of the affidavit signed by the arresting officer in the Magistrate's Court reveals the following statement by the arresting officer: " Deponent states that on said date, and at the time and in the premises as stated above, the defendants were in the premises, 1595 Unionport Road; that the defendant, Frank Lavopa had unlawful sexual intercourse with a female, one 'Mary Jones ', of the Borough of the Bronx ".

This was the statement upon which the defendant was convicted in the Magistrate's Court and sentenced to serve thirty days, which sentence has been duly executed. In order to determine whether this defendant is about to be placed in double

jeopardy for the same offense, it is necessary to consider the crime for which he has been indicted in this court, to wit, rape in the second degree. That crime is defined by section 2010 of the Penal Law and reads as follows: " A person who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more than ten years."

It is true that in the Magistrate's Court, the defendant was charged with vagrancy. It is likewise true in the Court of Special Sessions, he was charged with impairing the morals of a minor and that in this court he is charged with the crime of rape in the second degree. It is contended, in behalf of the defendant, that if guilty, he committed but one crime, to wit, the act of sexual intercourse with this female, and that the District Attorney should not be permitted to take this one act of the defendant and to prosecute him therefor upon different charges and in different courts and that to do so is a violation of the provisions dealing with double jeopardy. He points out that the right of a defendant to be tried only once for the same offense has long been recognized and cautiously guarded by the common law among all English speaking nations, and has been restated and preserved for us by our Constitution, as well as by various statutes; that our Constitution (N. Y. Const., art. I, § 6) forbids that a person be " twice put in jeopardy for the same offense "; that section 9 of the Code of Criminal Procedure provides " no person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted." Another New York statute, section 33 of the Penal Law, provides that when an offense is committed under such circumstances that the courts of this State and of another State or country, have jurisdiction and a defendant has been convicted or acquitted in the other State or country, in a criminal prosecution, on the merits, the acquittal or conviction there is a sufficient defense here. To the same effect, section 139 of the Code of Criminal Procedure.

There is still further provision, to wit, section 1938 of the Penal Law which reads as follows: " An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision." It thus clearly appears that

by the constitutional and statutory provisions referred to, that no person can be punished twice for the same offense. Various tests have been applied by the courts in determining whether crimes charged in two indictments are " the same offense ". (a) Whether the offenses are the same in fact and in law, (b) whether they are of the same legal character; (c) whether the same evidence will support both charges. It seems to me as to the first test mentioned there is and can be no dispute. that the facts are the same and that the same evidence will support both charges. What is the crime that this defendant committed? The answer is plain that he committed an act of sexual intercourse with a female, under the age of eighteen and not his wife, and with her consent. That is the same charge upon which he was convicted and sentenced in the Magistrates Court. Whether you call it rape or whether you call it vagrancy or adultery or indecency or give it any other label, is wholly immaterial. It is the evidence that supports the charge that determines the crime. In the case of *Commonwealth* v. *Roby* (12 Pick. [Mass.] 496, 503) the Supreme Court of Massachusetts said, " But it is not necessary that the charges in the two indictments should be precisely the same; it is sufficient if an acquittal from the offense charged in the first indictment virtually includes an acquittal from that set forth in the second, however they may differ in degree."

It is thus demonstrated that the facts and proof which would justify a conviction in this court have already formed the sole basis for a conviction in the Magistrate's Court. It has long been a rule and regarded as a true test that when a conviction under a first indictment is justified by proof of the facts charged in the second, a conviction under the first indictment is a bar to the prosecution under the second. It thus appears that the defendant might be here again convicted of precisely the same offense and so be twice punished for the same crime. In the case of *People ex rel. Thornwell* v. *Heacox* (231 App. Div., 617) referring to section 1938 of the Penal Law, the court said (p. 619): " The constitutional prohibition of double jeopardy, not only in the letter, but in the full spirit, is embodied in, if not extended by this section." In the case of *People* v. *Wein* (196 App. Div. 368) the court said (p. 370): " It is elementary that a finding of a lesser offense operates of itself as an acquittal of the higher offense. (Whart. Crim. Law, § 33.) " A decision which appears to be very much in point is that of *People* v. *Purcell* (16 N. Y. S. 199). In that case, the defendant was acquitted in the Court of Special Sessions on the complaint of

assault and battery made against him by Minnie Hennessey, and was afterwards indicted by the grand jury of the crime of rape committed on the said Minnie Hennessey. The two charges grew out of the same transaction, at the same time and place, no additional assault being alleged and the judge, in directing an acquittal in that case, said (p. 199): " The district attorney admits that there was but one assault committed, and that some of the circumstances upon which he must rely to establish the truth of the allegations in this indictment formed the subject-matter of the inquiry upon the former trial. Assault is an essential element in rape, and a learned commentator, discussing the question whether the conviction or acquittal upon an indictment covering one of the smaller crimes included within a larger will bar fresh proceedings for the larger, proceeds to say: ' If it will not, then the prosecutor may begin with the smallest, and obtain successive convictions, ending with the largest; while, if he began with the largest, he must there stop, —conclusion repugnant to good sense '." In the case just referred to the assault charge upon which the defendant was acquitted was tried in the Court of Special Sessions and the rape charge was tried in the Court of General Sessions, and the point urged by the District Attorney was that the Court of Special Sessions had no jurisdiction to try a defendant for the crime of rape. The court said (p. 200): " Nor can the contention of the prosecution, that the court in which the former trial was had had not jurisdiction to try a felony, be of any avail. It was a court of competent jurisdiction, to determine the guilt or innocence of the defendant upon the accusation made then against him by the prosecutrix. The complaint in one case and the indictment in the other set out offenses which relate to one transaction. * * * This brings the offenses, though of differing names, within the constitutional protection from a second jeopardy." Other authorities supporting the defendant's contention can be found in *People ex rel. Kwiatkowski* v. *Trenkle* (169 Misc. 687); *People ex rel. Ticineto* v. *Brewster* (241 App. Div. 467), and *People* v. *Silverman* (281 N. Y. 457). The rule that safeguards the important right against double jeopardy should not be hedged about by technicality and refinement as to render its application difficult, or its security uncertain. The defendant in the case at bar, participated in a single transaction, and the act for which he has been indicted here was precisely the facts upon which he was convicted and sentenced in the Magistrate's Court. It is the spirit and purpose of the laws of New York that for this same act and upon this

same evidence a defendant was not to be twice put in jeopardy. The former conviction in the Magistrate's Court is a bar to further prosecution of the indictment in this court.

Motion to dismiss indictment is accordingly granted. Submit order.