THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WALTER STEIN, HERMAN STEIN and HARRY ISRAEL, Appellants.

First Department, May 6, 1952.

*Edward H. Levine* of counsel (*Edward H. Levine* and *Isaac Putterman,* attorneys), for appellants.

*Charles W. Manning* of counsel (*Frank S. Hogan, District Attorney, New York County*), for respondent.

COHN, J.   Twenty-one individuals invested money with defendants and became shareholders in a pool designated " Seniors ".   Defendant Walter Stein believed that he had devised a handicapping system, which, if used as a basis for daily bets on horse races, would procure sure winnings for the participants.  Of the persons intrigued by defendants' get rich quick system, some were close relatives, others were clients of defendant Walter Stein's accounting firm, and still others were neighbors or friends.

Wagers were made from day to day by the three defendants on a large number of horses running in separate races at various tracks about the country.  After the results of the bets were determined, the account of each one of the participants was credited with its share of the winnings or losses.  On the losing bets the defendants received a commission from each of the book-makers with whom they did business of 3% or 4%. Defendants testified that these commissions were credited to an account which ultimately was to be used for the benefit of the participants in the pool.  Through the instrumentality of wire tapping, police officers overheard large bets being placed with book-makers over the telephone in the offices used by defendants for the conduct of their profession of accounting.

The question presented is whether under that set of facts defendants are merely players, as they claim, or whether their conduct constitutes a violation of section 986 of the Penal Law.

In this case there was no proof that defendants were making a business of accepting bets from others in the organized business of book-making. However, the evidence concededly established that defendants placed with book-makers large bets daily on the outcome of horse races on behalf of themselves and on behalf of others, and that on the losing bets they derived from the book-makers a commission of 3% or 4%.

The law forbids wagering and betting (Penal Law, § 991) except where the wagering is done at a duly authorized pari-mutuel race track in accordance with chapter 254 of the Laws of 1940. It is well settled that a bettor or player, as such, cannot be subjected to criminal prosecution under the law. (*People* v. *Goldstein,* 295 N. Y. 61, 63; *Bamman* v. *Erickson,* 288 N. Y. 133, 136; *People* v. *Stedeker,* 175 N. Y. 57, 62.) A mere player is guilty of no crime. Section 986 of the Penal Law does not apply " to those who place their own bets with book-makers, but to the professional operator who makes a business of betting against the public's guesses ". (*People* v. *Goldstein,* 295 N. Y. 61, 63, *supra.*) Where a person places bets with book-makers for himself *and for others* he violates section 986 of the Penal Law. That section in specific language, so far as is pertinent, provides that: " Any person who engages in pool-selling * * * with or without writing at any time or place; * * * or any person who receives, registers, records or forwards or purports or pretends to receive, register, record or forward in any manner whatsoever, any money, thing or consideration of value, bet or wagered, or offered for the purpose of being bet or wagered, *by or for any other person,* or sells pools, upon any such result; * * * any person who aids, assists or abets in any manner in any of the said acts, which are hereby forbidden, is guilty of a misdemeanor * * *." (Emphasis supplied.)

Here defendants placed bets with book-makers on behalf of themselves and others. They were systematically forwarding bets on behalf of others and acting as custodians of money to be used for gambling purposes contrary to law. Indeed, the Court of Appeals in effect has held such acts unlawful and a violation of section 986 of the Penal Law in *Matter of Shillitani* v. *Valentine* (296 N. Y. 161, affg. 269 App. Div. 568). In that case, which was not a criminal case, Shillitani sought an order to compel the New York Telephone Company to restore telephone service, which had been discontinued by the company because of Shillitani's alleged illegal use of the telephone service to call in bets to book-makers on behalf of himself and on behalf

of others. In affirming this court's refusal to interfere, the Court of Appeals ruled (p. 164) that by making bets over the telephone to book-makers on behalf of himself and on behalf of other persons, Shillitani was " engaged in conduct violative of section 986 of the Penal Law ".

Defendants here were found guilty of five separate counts charging the crime of book-making on November 6, 1950. On each of these counts the court imposed upon defendants Walter Stein and Herman Stein a sentence of a fine of $500 or thirty days' imprisonment, plus six months in the city prison, execution of which was suspended, and upon defendant Israel a suspended sentence of six months in the workhouse. The District Attorney frankly concedes that since those five counts charged in several different ways the commission of one crime on a single day, the imposition of separate cumulative sentences was improper and erroneous. (Penal Law, § 1938; *People* v. *Valentino,* 276 App. Div. 1030.)

We are of the view that the judgment of conviction as to count " two " of the information which charges the defendants with receiving, registering and recording money bet upon the results of horse races, and as to count " six " of the information charging the crime of conspiracy was adequately sustained by the evidence and should be affirmed. The judgment as to counts " one ", " three ", " four " and " five " of the information should be reversed, and as to each of such counts the information should be dismissed and the fines remitted.

No one of these defendants was engaged in book-making as a profession. The case is a borderline one. In the circumstances, we think that the sentences were excessive, and that imposition of a jail sentence was not warranted. As to defendants Walter Stein and Herman Stein the sentence on the second count of the information should be modified by eliminating that portion of the sentence which directed that defendants serve six months in the workhouse, and the sentence on the sixth count should be modified by eliminating the prison sentence and to provide instead a fine of $500 or thirty days in the city prison. As to defendant Israel, sentence on the two counts should be suspended.

DORE, J. P., CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously modified in accordance with the opinion herein. Settle order on notice. [See 279 App. Div. 1048.]