THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANK RUSSO, Appellant.

Second Department, November 15, 1954.

*Hayden H. Dadd* for appellant.

*Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for respondent.

NOLAN, P. J.  Defendant appeals from an order of the County Court, Kings County, denying his motion to vacate a judgment of that court dated November 29, 1937, convicting him of the crime of rape in the first degree, on an indictment accusing him of rape in the first degree and an assault in the second degree. A similar motion had been made in 1946, and was denied on January 16, 1947, by the same Judge who made the order here appealed from.  On the previous motion appellant was represented by counsel, and had a full and complete hearing, on which it was asserted that prior to his conviction, in 1937, he had, with the consent of the District Attorney, entered a plea of guilty of the crime of assault in the third degree, in answer to the indictment, and that such plea of guilty was accepted by the court and was thereafter vacated without appellant's consent.  On the instant application, made on the same grounds, it was not contended that any new facts would be presented, and on the argument of this appeal it was conceded that no new facts could have been presented, on a hearing *de novo*.  The

County Judge did not accord appellant such a hearing, but incorporated into the record the minutes of the hearing on the previous application, so that appellant might review the determination by an appeal, which was not available to him when his previous application was denied. (Code Crim. Pro., § 517; *People* v. *Gersewitz,* 294 N. Y. 163.) Upon such minutes and the papers submitted, the County Judge denied appellant's motion.

Appellant contends on this appeal that he was entitled to a hearing on his present application, even though no new facts could have been presented, and that in any event, the determination made in 1947 was contrary to the evidence. We find no merit in either contention. Concededly, appellant was entitled to an opportunity to establish the facts on a hearing in open court, if what he asserted to be the fact would require the vacatur of his conviction. (*People* v. *Richetti,* 302 N. Y. 290.) However, such a hearing had been held in 1946 by the same Judge who decided appellant's present application. We see no reason why the County Judge should be required to grant a hearing *de novo,* so that he might again decide the same issues, on the same proof. (*People* v. *Munks,* 277 App. Div. 991.) Appellant may have as complete a review of the determination against him, and his rights may be as effectively protected on this appeal, as they could have been if a new hearing had been held.

The determination appealed from is supported by substantial evidence, and we see no reason why it should be disturbed, even if it be assumed that relief could be granted to appellant in this proceeding. It is our opinion, however, that relief is not available to appellant by way of *coram nobis,* even though the substance of his claim is that the acceptance of his plea of guilty of assault in the third degree constituted an acquittal on the charge of rape, and that he has been subjected to double jeopardy by his trial and conviction, and the judgment which he seeks to vacate. (Cf. *People* v. *Cignarale,* 11t N. Y. 23; *People ex rel. Kwiatkowski* v. *Trenkle,* 169 Misc. 687, and *People* v. *Lavopa,* 198 Misc. 285.) The judgment under attack was entered on the verdict of a jury, and was affirmed by this court (254 App. Div. 694). The record on that appeal discloses that no special plea of prior acquittal was entered (Code Crim. Pro., § 332), and that such a defense was not in any manner called to the attention of the court at the outset of the trial or prior to the verdict. (Cf. *People* v. *Cignarale,* 110 N. Y. 23, 29, *supra,* and *People* v. *McGrath,* 202 N. Y. 445, 454.) It could be argued that the defense may not be asserted now. (*Brady* v. *United States,*

24 F. 2d 399; *Levin* v. *United States,* 5 F. 2d 598, certiorari denied 269 U. S. 562.) However, the District Attorney does not so argue, nor did he take that position on appellant's trial. After the verdict had been announced, appellant's attorney moved to set it aside on the ground that appellant had previously entered a plea of guilty of assault in the third degree and that the plea had been vacated by the court without his consent. In answer to the motion, the County Judge then presiding stated that if counsel was prepared to prove this assertion, he might do so. No proof was presented and the motion was denied. No reason appears why proof was not offered, except counsel's statement that the minutes of what transpired, when appellant's plea of guilty was set aside, were not in his possession. Appellant was present in the courtroom and could have testified as fully at that time, as to what had occurred, as he did on the hearing of his motion to vacate the judgment. At least all of the evidence presented at that hearing was available on appellant's trial, and it is probable that evidence as to the facts could have been adduced in 1937 which was not available in 1946. No adjournment was requested to obtain the minutes or other proof, and no motion was made in arrest of judgment (cf. *People* v. *Goldfarb,* 152 App. Div. 870, affd. 213 N. Y. 664) nor was any motion subsequently made for a new trial pursuant to section 465 of the Code of Criminal Procedure. On appeal to this court from the judgment of conviction, appellant, though represented by able counsel, made no reference to the incident now complained of nor was any argument presented that appellant's motion to set aside the verdict was improperly denied or should have received more adequate consideration. On the instant application, appellant asserts in effect that the judgment of conviction and the denial of his motion to set aside the verdict should be vacated on evidence which he could have presented on his trial but did not present for reasons which he does not now disclose. The writ of error, *coram nobis,* may not be invoked for such a purpose. (*Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131, 136; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, 5–6; *People* v. *Sadness,* 300 N. Y. 69, 73–74; *People* v. *Palumbo,* 282 App. Div. 1059.)

The order appealed from should be affirmed.

ADEL, WENZEL, MACCRATE and SCHMIDT, JJ., concur.

Order of the County Court, Kings County, denying a motion to vacate a judgment of conviction, affirmed.