Benjamin Bbennbb, J.
Application in the nature of a peremptory writ of mandamus. Petitioner moves for an order directing the respondent to reinstall a telephone removed by the police department after the arrest of her son, an occupant of the apartment, for vagrancy, which charge was subsequently dismissed.
The apartment apparently has been leased to the petitioner who admits to irregular residence there. It is not clear from the record as to how the telephone was listed when it was removed. The respondent’s refusal to reinstate service is predicated upon an investigation and report by the police department to the effect that petitioner does not occupy the apartment and that her son and occupant thereof had been arrested on 11 occasions since 1944. None of the arrests, with the exception of the last, was made at the apartment or based upon any illegal use of the telephone. The police assert “ It is reasonable to assume that illegal activities might be resumed if telephone service is restored at the location.”
Irrespective of the true identity of the occupant and applicant for reinstatement, the issue presented is respondent’s right to refuse reinstallation. The rights and obligations of the parties stem from the general rules and regulations of the respondent, filed with the Public Service Commission of the State of New York, more particularly paragraph H (subd. 5), relating to termination for cause other than nonpayment. This subdivision reads as follows: “ In the event of prohibited or improper use of the facilities, abuse or abandonment of the station, or any other violation by the subscriber of the rules and regulations governing the facilities and services furnished, * * * the Telephone Company may, without notice, terminate the service and sever the connection and remove its equipment from the subscriber’s premises.”
The respondent no doubt may consult the police department and other law enforcement agencies and may be guided by the advice received from them; but its decision must be based upon prescribed facts (Matter of Shillitani v. Valentine, 296 N. Y. 161) and not upon assumptions or apprehensions by the police department of possible illegal activities on restoration of phone service. Absent clear proof of improper use, the petitioner is presumptively entitled to equal telephone service (Public Service Law, § 91, subd. 3). To deprive her of it respondent must affirmatively show that petitioner has forfeited the right (Matter of Di Benedetto [New York Tel. Co.], N. Y. L. J., July 6, 1948, p. 28, col. 2, Daly J.). This the respondent has failed to do. The answer and exhibits do not at all establish that the *516 telephone or the premises was ever used for any illegal purpose, nor is there any basis for the finding that such activities will be “ resumed.” Petitioner’s son was arrested at his home for vagrancy and not for an illegal use of the phone. His prior arrests all occurred at locations other than at home. Cases which have come to my attention and which uphold the respondent’s right to remove its service and to cancel subscribers’ contracts are all predicated upon illegal use, i.e., gambling, etc. (see Matter of Shillitani v. Valentine, supra; Matter of Montario v. New York Tel. Co., 224 N. Y. 571; Matter of Movietime, Inc., v. New York Tel. Co., 277 App. Div. 1057; Sgueglia v. New York Tel. Co., 137 N. Y. S. 2d 404). Here no such evidence has been submitted.
Equality of opportunity and of treatment under our system of law requires assumption of innocence in civil relations just as such assumption prevails upon criminal charges. Surely the respondent and the police may not assume the petitioner to be a malefactor even if they believe the son to be so. And though the son has many times been arrested and occasionally convicted for book-making, nothing has been established other than inference based on pure speculation that the phone will be used for the commission of crime. What is disturbing to one’s conception of equal treatment under the law is the unmistakable attitude of the telephone company and the police that they regard themselves authorized to both accuse and judge the facts of illegal telephone use, based on mere suspicion. The respondent is not at all qualified, in the absence of evidence of illegal use, to withhold from the petitioner, at will, an essential and public utility.
The respondent has, therefore, unreasonably and arbitrarily withheld service, particularly in view of petitioner’s express willingness to assume responsibility for lawful use and to supply whatever information may be demanded by the respondent. Petition is granted. Settle order on notice.