THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOBBY LEE SAMS, Respondent, against ROBERT E. MURPHY, as Warden of Auburn Prison, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

Fourth Department, July 14, 1959.

*Louis J. Lefkowitz, Attorney-General* (*J. Bruce McDonald, Paxton Blair* and *William S. Elder, Jr.*, of counsel), for appellant.

*Florence M. Kelley* (*Edward Q. Carr, Jr.,* of counsel), for Bobby Lee Sams, respondent.

*Daniel V. Sullivan, District Attorney* (*Walter Dillon* of counsel), for the People.

*Per Curiam.* The People appeal from an order sustaining a writ of habeas corpus. The relator and two others were convicted of the crime of attempted rape in the first degree pursuant to an indictment charging that on the 19th day of August, 1948, they made an assault and committed an act of sexual intercourse upon one Rose Salamome against the form of the statute in such case made and provided. The relator and the same two other persons were later tried and convicted of the crime of assault first degree under an indictment charging that on the 19th day of August, 1948 with intent to commit a felony upon the person of Rose Salamome, to wit an assault and rape, they made an assault upon one Daniel Pacifico by means and force likely to produce death. Relator was thereafter sentenced on the attempted rape first degree conviction to a term of 5 to 10 years. On the same day he was again sentenced on the aforesaid assault first degree conviction to a term of 5 to 10 years to run consecutively to the sentence imposed upon his conviction of the crime of attempted rape in the first degree.

Relator contends that he has now served the maximum sentence imposed upon him for the attempted rape conviction and that to compel him to further serve the sentence on the assault first degree conviction would amount to double punishment in violation of section 1938 of the Penal Law.

We conclude that habeas corpus is a proper remedy for the relief which plaintiff seeks (*People ex rel. Thornwell* v. *Heacox,* 231 App. Div. 617; *People ex rel. Maurer* v. *Jackson,* 2 N Y 2d 259).

While we do not have the records of either of the trials before us, the allegations of the indictment read in connection with the briefs furnished by counsel for the relator, the Attorney-General and the District Attorney of Bronx County, indicate that the acts constituting the two crimes took place in point of time and locality so closely connected as to constitute parts of the same general transaction.

" It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction (*People* v. *Repola,* 305 N. Y. 740; *People ex rel. Poster* v. *Jackson,* 303 N. Y. 680, *supra*;

*People* v. *Skarczewski*, 287 N. Y. 826; *People* v. *Zipkin*, 202 Misc. 552; cf. *People* v. *Savarese*, 1 Misc 2d 305, 313, 318). It is also not open to dispute that if there were merely a *single inseparable act* violative of more than one statute, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single *punishment* (*People* v. *Repola*, 305 N. Y. 740, *supra*; *People* v. *Plesh*, 283 App. Div. 868; *People* v. *Pauley*, 281 App. Div. 223, 229–230; see, also, *People* v. *Nelson*, 309 N. Y. 231; *People* v. *Stein*, 280 App. Div. 176, affd. 304 N. Y. 834; *Matter of Chapman*, 43 Cal. 2d 385).'' (*People ex rel. Maurer* v. *Jackson*, 2 N Y 2d 259, 264, *supra*.)

The acts charged in each indictment, although part of the same transaction in point of time and place, are nevertheless different and separate acts. They are not violative of the same statute nor is one crime included within the other. Neither indictment alleges a material fact violative of one statute which was a material element of the violation of the other. While it is true that the crime of assault first degree as charged in the indictment involves the element of intent to commit a felony against Rose Salamome, nevertheless the intent to commit the crime of attempted rape is not the equivalent of the crime itself. The crime of attempted rape upon Rose Salamome is not an element of the crime of assault committed upon Daniel Pacifico. We conclude that it was not error to impose separate and consecutive sentences upon the relator for the two crimes of which he was convicted.

The record does not disclose compliance with section 1258 of the Civil Practice Act. The District Attorney of Bronx County, however, filed a brief and participated in the oral argument in this court. Since our decision upon the merits is in favor of the People, we do not pass upon the effect of any failure which there may have been in complying with section 1258 of the Civil Practice Act.

The order appealed from should be reversed and the relator remanded to the custody of the Warden of Auburn Prison.

All concur. Present — McCURN, P. J., KIMBALL, BASTOW, GOLDMAN and HALPERN, JJ.

Order reversed, without costs of this appeal to either party, writ dismissed, and relator remanded to the custody of the Warden of Auburn State Prison, Auburn, N. Y.