Henry Clay Greenberg, J.
This is an application for an order directing that the New York Telephone Company restore telephone service. The proceeding as against the Police Commissioner of the City of New York has been withdrawn.
On March 26, 1960, telephone service previously supplied at the corporate petitioner’s place of business consisting of three separate lines was terminated after a police raid and arrest of three men with criminal records. The charge against these men of operating a wire room for illegal gambling was dismissed in the Magistrate’s Court. The individual petitioner, the true owner of the business, asserts that these men were using the telephones without his knowledge and during his absence, allegedly at the invitation of a “ manager ” who informed him that they were there “ for the purpose of securing employment as salesmen ”. The manager, it is said, has since been “ relieved ” of his duties.
An acquittal or dismissal for any reason in the criminal court, merely establishing that guilt beyond a reasonable doubt of the particular charge has not been proved, is not determinative of the issues in a civil proceeding (Schindler v. Royal Ins. Co., 258 N. Y. 310; Matter of Squeglia v. New York Tel. Co., 137 N. Y. S. 2d 404). Petitioner must still establish a clear right to the restoration of the service (Matter of Leitner v. New York Tel. Co., 277 N. Y. 180). If, on all the facts and circumstances, it appears that the telephone facilities at petitioner’s premises were being improperly used to further illegal gambling operations, the application should be denied (Matter of Shillitani v. Valentine, 269 App. Div. 568, affd. 296 N. Y. 161).
The improbability of the excuse given by the individual petitioner as to his lack of knowledge of the activities at the place of the business is pointed up by the great number of toll calls alleged by the telephone company to have been made to persons completely unrelated to the business. While petitioner asserts in conclusive form that the business is the buying and selling of magnet wire and cable with a substantial inventory on hand, he does not deny that he purchased the corporation in 1957 after it had gone into bankruptcy, nor does he refute any of the specific charges, listing names and telephone numbers, indicating the extended use of these telephone lines for numerous calls to premises subsequently raided or having no possible connection with the business. The failure to respond by a point-by-point refutation or to give actual detailed proof as to the legitimacy of the business and of the many calls made, must be viewed as fatal in this proceeding for a mandatory order.
*983 On the entire record presently before the court it cannot be said that petitioner has established a clear right to the relief requested, warranting the invocation of the equity powers of this court (cf. Matter of Rosenthal v. New York Tel. Co., 141 N. Y. S. 2d 459). The application is, accordingly, denied.