Louis G. Bruhn, J.
This is an application for a writ of habeas corpus in which the relator predicates his relief primarily on the alleged illegality of his sentence.
The relator was found guilty, after trial, on two counts of an indictment which charged attempted rape in the first degree and assault in the second degree.
*278 On March 30, 1959, at a time when he was 19 years of age, the relator was sentenced by the County Court of Chautauqua County “ to imprisonment in an institution under the jurisdiction of the New York State Department of Correction, and committed to the reception center, elmira, new tore, for classification, program-planning and transfer in accordance with the provisions of article 3-A of the Correction Law, for a term set forth in paragraph 2 below:
“ 1. A reformatory term of not to exceed five years.
“ 2. A term of not less than 5 years and 0 months nor more than 10 years and 0 months on the attempted Rape 1st degree count, and not less than 2% years and not more than five years on the Assault 2nd degree count, sentences to run concurrently.” (Italics supplied.)
Section 61 of the Correction Law provides in part: “ 1. Any male person between the ages of sixteen and twenty-one years, * * * convicted of * * * a felony # * shall notwithstanding any inconsistent provision of law be committed to the department reception center for classification, program-planning and transfer as provided in this article, and the warrant of commitment shall so state. * * *
‘ ‘ 2. The term of imprisonment of a person committed to the reception center whose punishment is not determined by the court or judge or justice shall be terminated by the board of parole in the executive department in the same manner as though such person had been sentenced to imprisonment for a term governed as to length by the provisions of section twenty-one hundred eighty-four-a of the penal law.” (Italics supplied.)
Such language clearly suggests a legislative intent to reserve to the sentencing Judge having jurisdiction the right to fix the sentence, at least as to term, if not institution.
As further evidence of such intent, section 64 of the Correction Law provides in part: “ Nothing contained in this article shall be construed to restrict or impair the power of any court, judge or justice, having jurisdiction, to fix the term of imprisonment of any person between the ages of sixteen and twenty-one years,- or to sentence him to an indeterminate sentence, or to a reformatory term, and to order the commitment of such person to the department of correction or to an institution outside the jurisdiction of that department, pursuant to law.” (See, also, Penal Law, § 1931; People ex rel. Johnson v. Martin, 283 App. Div. 478, affd. 307 N. Y. 713; Waterman v. State of New York, 1 A D 2d 235, affd. 2 N Y 2d 803.)
Since, obviously, the sentencing court possessed the power to impose a sentence within the framework of the punishment *279 provided for the crimes which the relator was convicted of, the question involved is simply whether or not the sentence imposed is a legal sentence.
The relator claims the sentence imposed violates section 1938 of the Penal Law and constitutes double punishment.
Such contention, in the opinion of this court, is untenable.
Whatever misunderstandings existed regarding sentencing on convictions for multiple count indictments seem now resolved in view of the case of People ex rel. Maurer v. Jackson (2 N Y 2d 259).
That case at page 264 stated: “ It is clear that if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they rose out of a single transaction (People v. Repola, 305 N. Y. 740; People ex rel. Poster v. Jackson, 303 N. Y. 680, supra; People v. Skarczewski, 287 N. Y. 826; People v. Zipkin, 202 Misc. 552; cf. People v. Savarese, 1 Misc 2d 305, 313, 318). It is also not open to dispute that if there were merely a single inseparable act violative of more than one stahote, or if there were an act which itself violated one statute and was a material element of the violation of another, there would have to be single punishment (People v. Repola, 305 N. Y. 740, supra; People v. Plesh, 283 App. Div. 868; People v. Pauley, 281 App. Div. 223, 229-230; see, also, People v. Nelson, 309 N. Y. 231; People v. Stein, 280 App. Div. 176, affd. 304 N. Y. 834: Matter of Chapman, 43 Cal. 2d 385).” (Italics supplied.)
Even assuming, arguendo, as urged by the relator, that there was a single transaction, nevertheless, the acts involved were violative of more than one statute, to wit: rape and assault or, at least, the act which violated one statute was a material element of the other and so would necessitate “ single punishment.”
That the sentence imposed in the instant case constitutes ‘ ‘ single punishment ’ ’ cannot be questioned since the Maurer case (supra, pp. 268-269) stated: ‘‘ Respondent concedes that the practice of imposing concurrent sentences for included crimes is not uncommon in the courts. To say now that it may not be done would cloud countless sentences and invite innumerable pointless applications. As already noted, and as the Appellate Division recognized, the United States courts sanction this practice, although it is true that there is no Federal counterpart of our section 1938. But section 1938 does not forbid convictions nor concurrent sentences as such — only punishment. When the shorter sentence runs concurrently with the longer, there is no punishment for the shorter; it does not *280 inflict upon a defendant any additional restraint or detention. He is expressly protected by subdivision 3 of section 1941 from having the offenses count cumulatively in determining his status as a multiple offender.” (Italics supplied.)
The court further stated (pp. 269-270): “ When concurrent sentences are imposed, there is no double punishment — there is a single punishment measured by the sentence for the highest grade offense into which all concurrent sentences merge. In other words, in the language of section 1938, defendant is punished under ‘ one of those provisions, but not under more than one \ * * * It does not leave an admittedly valid conviction without a judgment thereon, and thus complies with section 471 of the Code of Criminal Procedure and our holding in Matter of Hogan v. Bohan (305 N. Y. 110, 112): ‘ But pronounce judgment, impose sentence, it [the court] must’.” (Italics supplied.)
Therefore, since the sentences imposed on each count were within the limits permissible, the relator is now being held under a legal sentence and commitment and consequently the writ of habeas corpus is dismissed. (Penal Law, §§ 2010, 243, 261.)