: John H. Galloway, Jr., J.
Defendant moves to dismiss indictment No. 19717 filed July 28, 1961, on the ground that she had been formerly put in jeopardy with respect to the charges contained in said indictment.
*612 The first count charges defendant with the crime of operating a policy business in violation of section 974-a of the Penal Law, in that on July 13,1961 she “ did wilfully, knowingly, wrongfully and feloniously, receive written records of more than one-hundred plays, bets and wagers, said plays, bets and wagers being writings, papers, and documents used in what is commonly called policy and the numbers game
The second count charges defendant with the crime of possession of policy slips in violation of section 975 of the Penal Law, in that on July 13,1961 she “ not being a public officer, and not being a person possessing only records of not more than 10 of his [sic] own bets, wagers and plays, did unlawfully, wilfully and knowingly have in his possession * * * writings, papers and documents representing and being a record of a chance, share and interest in numbers sold, drawn and selected and to be drawn and selected in what is commonly called ‘ policy ’ ”.
Defendant had previously been arrested on July 13, 1961, and arraigned before a Justice of the Peace of the Village of Elmsford on three informations charging violations of sections 974, 974-a and 975 of the Penal Law. On July 19 she pleaded guilty to violation of section 974, and on July 26 was sentenced to pay a fine of $100, which she paid. After her indictment by the Grand Jury on July 28 under sections 974-a and 975, she waived further examination in the Justices’ Court on the informations under sections 974-a and 975.
■ Defendant’s claim of former jeopardy is based upon her prior plea of guilty to the charge of violating section 974 of the Penal Law in the Justices’ Court, and she urges that such former plea constitutes a bar to any subsequent prosecution on the counts of the instant indictment “ based upon the same facts which were embraced by the defendant’s plea of guilty ”. She contends that the facts alleged in the indictment “ are identical to the facts which were embraced within the charge of violating Section 974 of the Penal Lato and upon which the defendant’s plea was based ”.
' The information to which the defendant pleaded guilty in the Justices’ Court charged her with the crime of violating section 974 of the Penal Law on July 13, 1961, in that she did “ wrongfully, unlawfully, wilfully, and knowingly keep, occupy and use a place, to wit: a room located at the premises aforesaid, the defendant being the tenant thereof, did use herself and permitted others to use said room and the apparatus therein, for the purpose of the sale of writings, commonly called policy slips and for carrying on and promoting the game commonly called ‘ Lottery Policy ’
*613 We think it is clear on the face of the information and of each count of the indictment that three separate and distinct crimes are charged, and that the acts upon which each of the charges is grounded are a set of facts separable and distinct from each of the other sets of acts.
The section 974 information charges acts constituting the crime of maintaining a place for the sale of policy slips and for carrying on and promoting the game of policy lottery; the section 974-a count of the indictment charges a second set of different acts, i.e. receiving written records of more than 100 plays and bets used in the game of policy, constituting the crime of operating a policy business; and the section 975 count of the indictment charges a third set of different acts, i.e. the possession of policy slips in excess of the excepted 10 slips on her own bets and plays, constituting the crime of possession of policy slips. In this instance, one single act or set of acts is not the basis of the three charges; they are separable and distinct and involve three different kinds of conduct, even though the facts may be closely related and the crimes charged arise out of the same incident.
In our opinion each of the three charges requires different facts to be proved to sustain them, although the three charges appear to have arisen from a single incident involving facts closely related. We hold that the crimes charged are not the same in fact and law, but are separate and distinct as a matter of law, and that the defendant may lawfully be convicted of each of said crimes. It follows that the prosecution of the instant indictment is not barred upon the ground of former jeopardy. (People v. Fennell, 10 A D 2d 78 [1960, 1st Dept.]; and of People ex rel. Maurer v. Jackson, 2 N Y 2d 259 [1957]; also People ex rel. Wasmund v. Wallack, 25 Misc 2d 277.)
In reaching this conclusion we are mindful of section 6 of article I of the New York Constitution which provides that “ No person shall be subject to be twice put in jeopardy for the same offense” (emphasis added); also of section 9 of the Code of Criminal Procedure which provides that “No person can be subjected to a second prosecution for a crime for which he has once been prosecuted, and duly convicted or acquitted ” (emphasis added); and also of section 1938 of the Penal Law, which provides that “ An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one ” (emphasis added).
Here we are dealing with separable, separate and distinct offenses, and not with the same offense or the same crime for *614 which defendant was previously convicted, with which section 6 of article I of the Constitution and section 9 of the code are concerned. Nor are we dealing with the same act or acts with which section 1938 of the Penal Law is concerned.
In People v. Fennell (supra, p. 79) the court said: “ While a defendant may not be placed in jeopardy twice for the same offense (People v. Silverman, 281 N. Y. 457) it does not follow that a person may not be convicted of several crimes arising out of the same incident. If the crimes are separate and distinct as a matter of law, a defendant may be convicted of each although the facts may be closely related.”
Defendant’s reliance upon People v. Lavopa (198 Misc. 285 [1950 Bronx County Ct.]) is misplaced. There the indictment charged defendant with rape, second degree and assault, second degree, arising out of an act of sexual intercourse with the complaining witness. He had previously been convicted in Magistrates’ Court for vagrancy and impairing the morals of a minor, arising out of the same act of sexual intercourse. The County Court, in dismissing the indictment on the ground that the prior conviction was a bar to further prosecution, said (p. 289): “Various tests have been applied by the courts in determining whether crimes charged in two indictments are ‘ the same offense ’. (a) Whether the offenses are the same in fact and in law, (b) whether they are of the same legal character; (c) whether the same evidence will support both charges. It seems to me as to the first test mentioned, there is and can be no dispute that the facts are the same and that the same evidence will support both charges. What is the crime that this defendant committed? The answer is plain that he committed an act of sexual intercourse with a female, under the age of eighteen and not his wife, and with her consent. That is the same charge upon which he was convicted and sentenced in the Magistrates’ Court. Whether you call it rape or whether you call it vagrancy or adultery or indecency or give it any other label, is wholly immaterial. It is the evidence that supports the charge that determines the crime.”
The other cases cited by defendant in support of her claim of former jeopardy likewise involve the same acts and the same evidence required to support both charges made in the prior and subsequent prosecutions. People v. Jackson (2 N Y 2d 259) also cited by defendant involved charges of attempted robbery and assault, treated by the court as separable and distinct acts, involving two different kinds of conduct, even though arising out of the same transaction. But the decision of the court was limited to holding that concurrent sentences do *615 not involve double punishment but rather a single punishment measured by the sentence for the highest grade offense into which the concurrent sentences are merged, and hence were not m violation of section 1938 of the Penal Law.
That question has not yet been reached in this case, since there has been no conviction, either after trial or plea of guilty. However, section 1938 of the Penal Law, does not forbid multiple convictions nor concurrent sentences, as such — only punishment. (People v. Jackson, supra, p. 269.) No person can be punished twice for the same offense. (People v. Lavopa, supra, p. 289.)
The substantive ingredients of the crimes here charged in the indictment and the information below are not so interwoven as to make it legally impossible to consider either of them apart from the other, which was, however, the case in People ex rel. Moskoff v. Weinstock (21 Misc 2d 14, 18 [1945, Supreme Ct. Queens County]). There the defendants had been indicted on a felony charge of abortion. The charge was dismissed as against one, and the jury acquitted the other. Held, they could not thereafter be prosecuted under an information charging them with practicing medicine without a license on the same facts. (Citing, p. 19, People v. Trenkle, 169 Misc. 687.)
Defendant urges that the facts alleged in the indictment are identical to the facts embraced in the information under section 974 of the Penal Law and upon which the defendant’s plea of guilty was based in the court below. Her contention is based upon an excerpt from the records of that court made at the time the guilty plea was entered on the section 974 information. The lower court’s recitation of the £< facts ” upon which the guilty plea was entered was clearly erroneous, in that it did not state the facts as alleged in the section 974 information. His recitation was of facts constituting a violation of section 974-a — i.e. receiving more than 100 policy slips in the operation of a policy business, rather than' of the facts actually alleged in the information charging maintaining of a place for carrying on and promoting the game of policy.
The lower court’s error or inadvertence in reciting the ££ set of facts ” upon which defendant’s guilty plea was made does not, in our opinion, alter the fact that defendant pleaded guilty to a violation of a section 974 set of facts as set forth in the information laid under that section — a set of facts or acts which are separable, separate and distinct from the sets of facts or acts charged in the sections 974-a and 975 counts of the instant indictment.
*616 We must assume, in the absence of a showing to the contrary, that the section 974 information and its allegations were before the court below and known to both the defendant and her present counsel, upon her arraignment and plea. The court’s inadvertent or erroneous recitation of the “ facts ” in his Bench notes recording the basis of his disposition of the informations upon which defendant had been arraigned, could not have prejudiced her, she having pleaded to the section 974 information and not to the court’s Bench notes. Her plea of guilty must be deemed to stand on the information and not on the court’s Bench notes.
Accordingly, we conclude that defendant’s conviction under the section 974 information below does not constitute a bar to her prosecution under the instant indictment laid under sections 974-a and 975 of the Penal Law, and that her motion to dismiss the indictment should be denied. Motion denied.