HENRY O. LOPEZ, JOSEPH ZARCARO, AND ANGELA ZAR-
CARO, PLAINTIFFS, v. NEW JERSEY BELL TELEPHONE
COMPANY, BODY CORPORATE OF THE STATE OF NEW
JERSEY, AND ARTHUR J. SILLS, ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided November 8, 1968.

*Mr. Robert I. Ansell* for plaintiffs (*Messrs. Anschelewitz, Barr, Ansell and Bonello,* attorneys).

*Mr. Norman D. Weisburd* for defendant Arthur J. Sills, Attorney General of the State of New Jersey (*Mr. Arthur J. Sills,* attorney).

LANE, J. S. C. The complaint in this action seeks an injunction to restrain the Attorney General from requesting the New Jersey Bell Telephone Company to discontinue telephone service to plaintiffs. The company has agreed to comply with any order of the Attorney General issued pursuant to the order of this court, and therefore the complaint has been dismissed as to it.

This matter initially came before the court on order to show cause for a preliminary injunction. A preliminary injunction was granted which, upon appeal, was reversed by the Supreme Court. *Lopez v. New Jersey Bell Telephone Co.,* 51 *N. J.* 362 (1968).

The basis of the reversal of the order for a preliminary injunction was that this court abused its discretion. The Supreme Court concluded its opinion:

"It is evident to us that, on the entire record before the trial court, the plaintiffs' application should have been denied and that the grant of preliminary injunctive relief was beyond discretionary bounds. *Cf. General Electric Co. v. Gem Vacuum Stores*, 36 *N. J. Super.* 234, 236 (*App. Div.* 1955)." (at *p.* 374)

The reference to *General Electric Co. v. Gem Vacuum Stores, 36 N. J. Super.* 234 (*App. Div.* 1955), clearly shows that the Supreme Court was dealing with the exact issue that was before it, namely, the propriety of the issuance of a preliminary injunction.

The Supreme Court equated the discontinuance of telephone service to the seizure of property used in connection with bookmaking. It reasoned that since there was a valid search warrant, the authorities could either have seized the telephones or could have requested the discontinuance of the telephone service. It recognized that if there had been a physical seizure of the telephones, plaintiffs would have been entitled to a judicial review under *R. R.* 3:2A–6. Although the Supreme Court suggested that plaintiffs could have applied to the Law Division under *R. R.* 3:2A–6 for the return of service, it did not disapprove of the procedure followed by them.

The opinion stated:

"In the case at hand the enforcement authorities satisfied the suggested safeguards in *Sokol.* [*Sokol v. Public Utilities Commission, 65 Cal. 2d* 247, 53 *Cal. Rptr.* 673, 418 *P. 2d* 265 (1966).] They sought and obtained search warrants on presentations of probable cause. The warrants authorized them to seize all property at the plaintiffs' premises used in connection with bookmaking and lottery. If property was seized illegally, the plaintiffs had a simple and effective mode of obtaining its return pursuant to our rules relating to search warrants. *R. R.* 3:2A–1 *et seq.* Under the statutes, the authorities could have physically seized the telephones along with other property seized by them. See *N. J. S.* 2A:152–6, *N. J. S.* A. They chose the alternative of having the service discontinued, apparently in order to avoid doing unnecessary harm to the Telephone Company's equipment.

If the telephones had been physically seized, the plaintiffs presumably would have sought review of that action by motion in the Law

Division pursuant to the cited rules. *R. R.* 3:2A–6. We incline to the belief that. when the service was discontinued following the seizures at their premises, they could have sought similar review in the Law Division. Instead they sought and obtained review and relief in the Chancery Division. Be that as it may, they suffered no legal prejudice by virtue of the fact that the authorities followed the course of discontinuance rather than physical seizure, or the fact that review was sought in the Chancery Division rather than the Law Division." (at *pp.* 371–372)

Although the opinion says that plaintiffs received a judicial review by the hearing on the return day of the order to show cause, plaintiffs in fact did not receive a judicial review similar to that under *R. R.* 3:2A–6. On the return of the order to show cause the matter was heard on affidavits without any opportunity for cross-examination. See *State v. Sherry,* 46 *N. J.* 172, 175 (1965). *R. R.* 3:2A–6 provides in part:

"If material facts are disputed, testimony thereon shall be taken in open court."

Here the pleadings raise issues of fact. Plaintiffs had no opportunity to have a judicial review of the action of the Attorney General until the final hearing. The opinion of the Supreme Court did not adjudicate the matter in issue but only dealt with the propriety of granting preliminary relief upon the affidavits that were before the court.

After the remand the matter came on for pretrial conference, at which time the issues were set forth in paragraph 7 of the pretrial order as follows:

"(1) Did the Supreme Court adjudicate the matter at issue?

(2) Does the complaint set forth a cause of action by which relief can be granted?

(3) Were the plaintiffs making illegal use of telephone service prior to discontinuance of service?

(4) Was there probable cause to believe that plaintiffs were making such illegal use of service?

(5) Power of Attorney General to accomplish severance of telephone service.

(6) Whether plaintiffs were accorded due process of law by the procedure employed by the Attorney General."

The pretrial order, dated July 31, 1968, directed that the parties submit to the court copies of their appellate briefs. Although this provision was called to the attention of the Attorney General by letter dated October 10, 1968, no copies of any of the briefs of the Attorney General were submitted to the court.

At the final hearing on October 24, 1968 plaintiffs introduced into evidence the following stipulation contained in paragraph 2 of the pretrial order:

"Parties stipulate subscription by plaintiffs for telephone service of New Jersey Bell Telephone Company; severance of said service by New Jersey Bell Telephone Company on October 21, 1966 pursuant to order of the Attorney General of the State of New Jersey by letter of October 4, 1966."

The Attorney General rested without introducing any evidence. The affidavits that were before the court on the return of the order to show cause for a preliminary injunction cannot be considered. They were not offered into evidence. If they had been, an objection to their admission would probably have been sustained. *McArdle Real Estate Co., Inc. v. McGowan*, 12 *N. J. Misc.* 500, 172 *A.* 786 (*Sup. Ct.* 1934). See also 1 *Wigmore, Evidence* (3d *Ed.* 1940), § 4. There is, therefore, nothing before the court except the discontinuance of the telephone service to plaintiffs as a result of a letter from the Attorney General.

It is the general obligation of the telephone company to serve the public without arbitrary discrimination. *Paterson Publishing Co. v. New Jersey Bell Telephone Co.*, 21 *N. J.* 460, 467 (1956). The only basis for the discontinuance of service now before the court was a request by the Attorney General. The burden upon him in these proceedings is to justify such request. *Telephone News System, Inc. v.*

*Illinois Bell Telephone Co.*, 220 *F. Supp.* 621, 628 (*N. D. Ill.* 1963), affirmed 376 *U. S.* 782, 84 *S. Ct.* 1134, 12 *L. Ed. 2d* 83 (1964); *Kelly v. Illinois Bell Telephone Co.*, 210 *F. Supp.* 456, 464 (*N. D. Ill.* 1962), affirmed 325 *F. 2d* 148 (*7 Cir.* 1963); *Giordullo v. Cincinnati & Suburban Bell Telephone Co.*, 71 *N. E. 2d* 858, 34 *Ohio O.* 251 (*C. P.* 1946); *Nadel v. New York Telephone Co.*, 9 *Misc. 2d* 514, 170 *N. Y. S. 2d* 95 (*Sup. Ct.* 1957); *Pike v. Southern Bell Telephone & Telegraph Co.*, 263 *Ala.* 59, 81 *S. 2d* 254 (*Sup. Ct.* 1955). See also *Ben Ali v. Towe*, 30 *N. J. Super.* 19, 22 (*App. Div.* 1954). Although the Attorney General's burden could have been met by a mere preponderance of the evidence, he has introduced nothing justifying the request to the Telephone Company. It was, therefore, upon the evidence before the court an arbitrary act which this court will order be withdrawn. *O'Brien v. Scoll*, 20 *N. J. Super.* 132 (*Ch. Div.* 1952); *Higgins v. Krogman*, 140 *N. J. Eq.* 518 (*Ch.* 1947), affirmed 142 *N. J. Eq.* 691 (*E. & A.* 1948).

Accordingly, there will be a judgment directing the Attorney General to withdraw his request to the New Jersey Bell Telephone Company for discontinuance of telephone service to plaintiffs and enjoining him from requesting the company to discontinue such telephone service based upon any action that may have occurred prior to the restitution of the telephone service.